# CASES DETERMINED

AT THE

# January Term, 1915.

PIETSCH, Appellant, vs. McCARTHY, Respondent.

*October 28, 1914—January 12, 1915.*

*Automobiles: Collision with wagon: Contributory negligence: Milwaukee civil court: New trial in circuit court: Appeal: Affirmative relief to respondent: Directing judgment.*

1. In an action for the injury to an automobile which, in the evening, ran into the rear of a wagon on a city street, plaintiff's own testimony that he was running his car at a speed of from ten to thirteen miles per hour, that his vision was so dazzled by the headlights of automobiles coming in the opposite direction that he could not see the wagon ahead of him, and that in this situation he proceeded a distance of 100 feet without slacking his speed until he bumped into the wagon, is *held* to show his contributory negligence as a matter of law. Sec. 1636—52, Stats. 1913.

2. Upon such evidence the circuit court, on reversing a judgment of the Milwaukee civil court in plaintiff's favor, should have dismissed the complaint instead of ordering a new trial.

3. A new trial having been ordered when the complaint should, instead, have been dismissed, upon an appeal by the plaintiff the order is reversed and a judgment dismissing the complaint is directed, although the defendant did not except to the order or appeal therefrom.

4. Any rules of practice heretofore existing which prevent a judgment finally terminating litigation in a case where the record is properly before the supreme court and it is apparent that further proceedings could only result in unnecessary expense, are abrogated; and conflicting cases are overruled.

TIMLIN, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Plaintiff brought this action in the civil court of Milwau-

kee county to recover damages caused to his automobile by running into the rear of a wagon that was being driven by the defendant on one of the streets of the city of Milwaukee. The collision occurred shortly after 6 o'clock on October 16, 1913. It was drizzling rain and quite dark. The alleged negligence of the defendant consisted in not carrying a light as required by a city ordinance. The plaintiff gave as a reason for not seeing the wagon in time to avoid the collision that his power of vision was obscured by the headlights of automobiles approaching him. Plaintiff had his side lights lit, which threw light ahead of him about ten feet. There was a general verdict for the plaintiff, by which his damages were assessed at $95.83. Judgment was entered thereon and an appeal was taken to the circuit court. The latter court made findings of fact and conclusions of law in the case. The findings of fact material to the questions raised on this appeal are the following:

"VII. That the testimony showed that the plaintiff was running an auto westerly on Grand avenue between Thirteenth and Fourteenth streets, moving at the rate of thirteen miles an hour, that the defendant was driving a heavy team and an empty dump wagon, in the same direction, going at three or four miles an hour, and that it was after sundown.

"VIII. That the plaintiff, going at the rate of thirteen miles an hour, ran into the rear end of the defendant's dump wagon, knocking down one of the horses and nearly threw the defendant into the street.

"IX. That at the time many autos on the other side of the street were moving east, that they had very bright lights, or what the plaintiff calls 'bullseye' lights, and that for a hundred feet before the collision the plaintiff was blinded by these lights so that he could not see anything ahead of him, and yet he kept moving at the same rate, thirteen miles per hour or over nineteen feet per second.

"X. That the plaintiff did not have at least one lamp giving a reasonably bright light, on the front of his auto, as he only had side lights of oil burning at the time.

"XI. That the plaintiff, when his view in the direction in

which he was running his auto was obscured, failed to reduce his speed to such a rate as would tend to avoid danger and accident, and permit him to bring his auto to a complete stop within the distance ahead that he could with the aid of the lights thereon, in connection with the lights from other sources, see an object the size of a person.

"XII. That the collision occurred within forty or fifty minutes after sundown.

"XIII. That the city ordinance required lights to be on such vehicles as the one driven by the defendant, one hour after sundown."

As conclusions of law the court found:

"I. That the civil court erred in refusing to grant a nonsuit, for the reason that the plaintiff failed to make out a cause of action for negligence against the defendant.

"II. That the plaintiff is guilty of negligence, proximately contributing to the damage, in not placing in the front of his auto, at least one lamp giving a reasonably bright light; in not reducing his speed when his view in the direction in which he was running his auto was obstructed, to such a rate as would tend to avoid danger and accident; and in not reducing his speed when his view in the direction he was running his auto was obstructed so as to permit him to bring his auto to a complete stop within the distance ahead that he could with the aid of the lights thereon, in connection with the lights from other sources, see an object the size of a person.

"III. That the negligence of the plaintiff, in violation of the statutes requiring lights and speed, proximately contributed to his damages."

A new trial was ordered by the circuit court, and plaintiff appeals.

· The cause was submitted for the appellant on the brief of *Charles E. Hammersley,* and for the respondent on that of *Samuel Wright.*

BARNES, J. The plaintiff testified that he was proceeding at a rate of speed of from ten to thirteen miles an hour; that his vision was so dazzled by headlights of automobiles coming

in the opposite direction that he could not see the wagon ahead of him; and that in this situation he proceeded a distance of 100 feet without slacking his speed until he bumped into the wagon, which he did not see until he struck it. It seems clear under these facts that he was guilty of contributory negligence as a matter of law under the decision of this court in *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629. The legislature of 1913 adopted the rule of law laid down in this case by enacting ch. 602 of the laws of that year, which appears as part of sec. 1636—52, Stats. 1913.

This court held in *Mueller R. E. & I. Co. v. Cohen,* 158 Wis. 461, 149 N. W. 154, that the circuit court might, on an appeal taken from the civil court, reverse the judgment on the record returned and dismiss the complaint, and that it was not obliged under the Civil Court Act (sec. 28, ch. 549, Laws of 1909) to order a new trial. The contributory negligence of the plaintiff in the instant case was established by his own testimony, so that recovery is impossible unless that testimony should be substantially changed on a subsequent trial. New trials are not granted to induce litigants to commit perjury, and the circuit court should have entered judgment dismissing the complaint.

The respondent took no exception to so much of the order as granted a new trial, has taken no appeal therefrom, and has urged that the order be affirmed in this court. The question that confronts the court is whether under these circumstances we should simply affirm the order or should reverse with directions to enter judgment dismissing the complaint. It is quite clear that under the statute (sec. 3071) the court has the power to pursue the latter course if it deems such procedure to be advisable. That statute provides that "Upon an appeal . . . the supreme court may reverse, affirm or modify the judgment or order, . . . and may, if necessary or proper, order a new trial." The right to exercise this power does not depend on who takes the appeal. The case being here, the

court may make any disposition of it that it deems proper. Nevertheless, the rule of practice has long been established in this court that a judgment would not be reversed in favor of a respondent on his exceptions. If he was not satisfied with the judgment, he was obliged to appeal from it to obtain affirmative relief. Except in a few cases a review could not be had by the appellant unless a proper exception was preserved. These rules of practice may now seem narrow, illogical, and highly technical, but perhaps not more so than some of our present-day decisions will appear a few years hence. The cases are not in harmony on the question whether it is necessary to take an exception to an order granting a new trial in order to review it.

The court is of the opinion that any rules of practice heretofore existing which stand in the way of rendering a judgment finally terminating litigation in a case where the record is properly before us and it is apparent that further proceedings could result only in unnecessary expense to the litigants and the public, should, in the interest of the prompt and economic administration of justice, be abrogated. The writer of this opinion somewhat reluctantly concurs in the conclusion reached on this branch of the case. This decision cannot be squared or harmonized with a large number of former decisions, and no attempt at harmony is made. The conflicting cases are simply overruled.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint. The respondent, being the prevailing party, is awarded costs in this court.

TIMLIN, J. (*dissenting*). In considering this case I found no reason for reversing the order of the court below. A careful reading of the majority opinion discloses no such reason unless it is desirable to give the respondent more than he claims or to strike the appellant a little harder than he was stricken by the court below, or both. A suggestion in the

opinion with reference to how those of the future may regard it meets my approval. It is quite a novel view that considerations which make for the affirmance of an order granting a new trial under such circumstances are abhorrent technicalities.