JOHNSON, Respondent, vs. PRIDEAUX, Appellant.

*February 7—March 14, 1922.*

*Automobiles: Law of the road: Violation: Sudden peril caused by negligence of another: Choice of action: Complete obstruction of vision: Negligence.*

1. An automobile driver who, becoming enveloped in a cloud of dust raised by a passing car, threw off his power, applied his brakes, and brought his car to a stop in thirty-six feet, was not guilty of negligence because while traveling such distance with his view completely obscured he unconsciously swerved to the left of the center of the road, where he was struck by plaintiff's car.

2. One is guilty of negligence only when he fails to exercise that care and prudence which is generally observed by the great mass of mankind under similar circumstances; but he is not guilty of negligence in unconsciously failing to obey the law of the road where it is impossible to do so by reason of circumstances over which he has no control and for which he is not responsible.

3. The driver of an automobile who by the negligence of another is suddenly placed in an emergency is not guilty of negligence if he makes such a choice of possible actions as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge. *Reversed.*

On the 19th day of August, 1919, the defendant was driving his automobile eastward on the main road between Blue Mounds and Mt. Horeb in Iowa county. Plaintiff was proceeding westward on the same road in a Ford car. A collision occurred between these two cars about two or three hundred yards east of the viaduct over the track of the Chicago & Northwestern Railroad. The traveled portion of the highway at the point of collision was about twenty-five feet wide, and the road was of about the same width for some distance each way from the point of collision and was comparatively level and straight. On this dirt road the dust was very thick and there was no wind. West of the

viaduct the road was of macadam construction. The car driven by one Bashford was just behind the defendant's car while they were on the cement road, and both cars were then running at about twenty-five to thirty miles per hour. Just before leaving the cement road defendant saw plaintiff's car approaching from the east. Soon after entering the dirt road the Bashford car sounded its horn as a signal to the defendant that it desired to pass. Defendant then drove his car to the south side of the traveled portion of the highway and slowed down to a speed of ten miles per hour. The right wheels of the defendant's car were then about two feet from the south margin of the road. The Bashford car then turned to the left and passed the defendant, running at a speed of twenty-five to thirty miles an hour. In doing so it raised a cloud of dust so dense that it was impossible for the defendant to see where he was going. Realizing this, he at once threw off his power, applied his brake, and brought his car to a full stop in a distance of two car lengths or about thirty-six feet from where the Bashford car passed him. In going this distance he unconsciously permitted his car to swerve to the left so that when it came to a stop it was standing diagonally northeast across the center of the traveled portion of the highway with its left front fender and bumper within about five feet of the north edge of the traveled portion, while a portion of the rear part of the car was south of the center line of the road. While standing in this position, and while the dust cloud was so dense that sight was impossible, he was struck by plaintiff's car. The driver of the plaintiff's car observed the two cars approaching from the west, saw Bashford turn out and pass defendant's car, observed that defendant's car was then well to the south of the center of the highway, and then that it was hidden from view by the cloud of dust raised by the passing car. Plaintiff's car was then on the north side of the highway, just six inches or a foot from the north side of the traveled portion of the

highway, and continued in this position at a speed of six miles an hour until the collision occurred. The vision of plaintiff's driver towards the south and west was entirely obscured by the cloud of dust, but by looking down to the right he could and did see that he was keeping along the north side of the road and within a few inches of the north margin thereof. When the collision occurred the defendant could not see plaintiff's car, nor could the occupants of plaintiff's car see the defendant's car, and none of them knew what had occurred for a few moments.

The case was commenced in justice's court by the plaintiff to recover damages resulting to his car. The defendant counterclaimed for damages sustained by his automobile. The case was appealed to the county court, where it was tried without a jury, and upon the facts found by the court, as above set forth, judgment was rendered in favor of the plaintiff and against the defendant, from which judgment the defendant appealed.

For the appellant there was a brief by *James E. O'Neill* of Dodgeville, attorney, and *E. E. Brossard* of Madison, of counsel, and oral argument by *Mr. Brossard*.

For the respondent there was a brief by *Gettle & Torge* of Madison, and oral argument by *A. T. Torge*.

OWEN, J. The appellant contends that the judgment should be reversed with instructions to render judgment dismissing the plaintiff's complaint. The right to recover upon the counterclaim does not seem to be insisted upon. We are therefore called upon to consider only whether the judgment rendered against the defendant can be supported upon the facts found by the county court.

It seems that the county court convicted the defendant of negligence because he was on the left-hand side of the road, contrary to the statute. He gave no weight to the fact that the defendant's vision was completely obscured by the dense cloud of dust and that he was utterly unable to see

where he was going.   The finding of the court is that upon becoming enveloped in this cloud of dust "he at once threw off his power, applied his brake, and brought his car to a full stop in a distance of two car lengths or about thirty-six feet from where Bashford's car had passed him.   In going this distance he *unconsciously* permitted his car to swerve to the left."   He was therefore found guilty of negligence for doing that which he could not avoid doing. In defendant's situation it was utterly impossible for him to see where he was going, and entirely beyond his power to know that he was veering to the left side of the road.   It was just as impossible for him to control the car in this respect as though he had been suddenly stricken with blindness or had suffered an apoplectic stroke.   It is plain that the decision of the trial court held him to an impossible degree of care, owing to the complete obstruction of his vision by the dust.   The court applied to him the same rule that would obtain if his vision was not obscured.

One is guilty of negligence only when he fails to exercise that care and prudence which is generally observed by the great mass of mankind under the same or similar circumstances.   While the law requires the driver of an automobile to keep to the right when meeting another vehicle, one cannot be held guilty of negligence in unconsciously failing to do so where that is impossible by reason of circumstances over which he has no control and for which he is in no sense responsible.   The defendant was confronted by an emergency which was not created by his own negligence, and in that emergency it would seem that he did the most prudent thing possible in bringing his car to an immediate stop.   We apprehend that no more prudent action under the circumstances could be suggested, and it would be an anomaly to hold one guilty of negligence who acts with the care and prudence exercised by the defendant under the circumstances then confronting him.

In a note to be found in 6 A. L. R. at page 680, the general proposition is stated that "an automobile driver, who

by the negligence of another and not by his own negligence is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice.". The defendant is well within this rule, and this principle alone, without any other consideration, requires a reversal of the judgment with instructions to dismiss the plaintiff's complaint.

It therefore becomes unnecessary to consider plaintiff's negligence. But we cannot refrain from suggesting that if he had acted as did the defendant, this accident would not have occurred; and it is also to be remarked that by proceeding at a time when he was utterly unable to see anything ahead of his car he was brought within the reason and spirit of the rule announced in *Lawson v. Fond du Lac*, 141 Wis. 57, 123 N. W. 629. Whether the fact that the driver was able to see the edge of the road and thus keep on the right side relieves the plaintiff from the consequences of the rule of the *Lawson Case* need not be considered.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiff's complaint.