BROTHERS, Respondent, vs. BERG and others, Appellants.

*March 6—April 3, 1934.*

For the appellants Berg and Milwaukee Automobile Insurance Company there were briefs by *Bender, Trump, McIntyre & Freeman,* attorneys, and *Eugene L. McIntyre* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

*W. T. Doar* of New Richmond, for the appellant Baer.

For the respondent there was a brief by *Wilcox, Wilcox & Sullivan* of Eau Claire and *R. V. Gleason* of Minneapolis, Minnesota, and oral argument by *Francis J. Wilcox.*

ROSENBERRY, C. J.   On behalf of the defendant Berg it is contended that where a safety rule or a safety statute is complied with there is no room for a finding that the person complying therewith has been guilty of a want of ordinary care, citing *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290, and *Bentley Bros., Inc., v. Industrial Comm.* 194 Wis. 610. 217 N. W. 316.   We are cited to sec. 85.06 (1), (2), (3), (4), (6), (7), Stats., and Orders Nos. 2161 and 2162 of the industrial commission made pursuant thereto, from which it appears that a King Bee five-inch red reflector is an approved type.

Assuming that the evidence establishes the fact that the truck of the defendant Berg was so equipped, it does not establish the fact that it was so "adjusted and operated as to render the use of the highway by such vehicles reasonably safe for all the public" as required in sec. 85.06 (1).

The jury was apparently of the view that for some reason the reflector device failed to operate, it being undisputed that there was no electric light. The finding of the jury upon that question is supported by credible evidence and cannot be disturbed. Having reached this conclusion, we do not need to consider whether Berg's employee Smithbeck was or was not negligent.

It is further contended that Baer was the agent of the deceased and that Baer was negligent as a matter of law. There is no direct evidence bearing upon this question. Brothers lived at Spooner. Pursuant to a telephone conversation had with Baer, Brothers drove his automobile to Trego, a point six miles north of Spooner, to have Baer repair it. Baer owned a Chevrolet cabriolet which he himself drove from Trego south to take Brothers home. It was on this trip that the accident occurred. It is quite clear that the relation between Brothers and Baer was at least that of host and guest. It does not appear that it was any part of the bargain between Brothers and Baer that Baer should take Brothers to Spooner, nor does it appear that Brothers requested Baer to do so. It appears from the evidence that Brothers drove his car to the Baer garage to have it repaired. There it was found it could not be repaired that night, whereupon Baer of his own motion took his car to drive Brothers back home. Brothers accepted the transportation. The Restatement of the Law of Agency, sec. 1 (1), is as follows:

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Nothing appears in the record to indicate that Baer was doing anything more than an act of courtesy for one of his customers. Certain it is there is no evidence that Brothers had any control over Baer in any respect whatever. While it

may be said that Baer was acting on behalf of Brothers in the sense that the act which he performed was for the benefit of Brothers in that he was returned to his home instead of being compelled to walk or procure other transportation, this does not create the relation of principal and agent but that of host and guest.

It is also contended that Brothers was guilty of negligence which contributed to his injury. This argument is based upon the proposition that Brothers should have observed the presence of the truck on the highway, should have warned Baer and so avoided an accident, and that his failure to do so was negligence as a matter of law. Whether or not Brothers was guilty of a want of ordinary care under the circumstances was clearly a matter for the jury. A guest is not held to that high degree of vigilance required of a driver of an automobile. He must exercise reasonable care for his own safety. That means reasonable care under all the circumstances. Whether or not the guest has done that under the circumstances of a particular case is in all but exceptional cases a matter for the jury. We find no exceptional circumstances in this case.

The defendant Baer has appealed and assigns as error the setting aside of the verdict finding Baer not guilty of negligence and holding he was guilty of negligence which proximately contributed to the plaintiff's injury as a matter of law. The accident occurred on a straight stretch of highway. The truck had a stake body covered with canvas. There were nineteen feet or more of clear traveled roadway to the left of the truck. There were no cars going north whose lights prevented Baer from seeing the truck. It was a clear night, no fog, dust, or anything else to obscure Baer's vision. Baer had dimmed his lights as he met a car coming north about fifteen or twenty rods north of the truck. After passing the car he turned his lights up and saw a small light

apparently a flash-light but no red light. The small light was moving and he began to slow down. He said:

"From the time I put my brakes on until I first saw that truck I traveled possibly thirty feet. During that thirty feet I made a turn to the left to miss the truck. At the end of the thirty feet is when I turned. I kept applying the brakes all that time slightly, wondering what the flashlight was. I didn't see any obstruction on the highway at all in that thirty feet or any other light besides that white light. At the end of this thirty feet I saw the back end of the truck about five or six feet from the shoulder of the road. . . . From the truck when I first saw it, I was five or six feet, or ten feet. I then swung to my left and tried to stop and put my brakes on hard."

There is no showing that the lights on Baer's car were not efficient and in compliance with the orders of the industrial commission.

Smithbeck testified that it was not a dark night; that he stood on the front running board of the truck; that Baer's car was coming at the rate of fifty miles an hour; that it did not slow up; that he stood by the truck until Baer's car was within thirty feet when he saw there was to be an accident and ran across the highway, and was just on the east edge of the road when the collision occurred.

Under the decision of this court in *Kleist v. Cohodas,* 195 Wis. 637, 219 N. W. 366, and other cases, Baer was clearly guilty of a want of ordinary care which contributed to the collision as a matter of law. While it is true that the rule of law laid down in these cases has been relaxed by a change in the statute (*Colby Cheese Box Co. v. Dallendorfer,* 213 Wis 331, 251 N. W. 447), there remains the rule that every operator of an automobile must so operate it as not to endanger or be likely to endanger the property, life, or limb of any person and with due regard to the traffic, surface, width of the highway, and any other condition of whatever nature

then existing. In the *Colby Cheese Box Co. v. Dallendorfer Case, supra,* it was held that whether a person operating an automobile at a speed of thirty-five miles an hour on a misty, foggy night, there being no evidence of defective head-lights, was negligent, was a question for the jury. In this case the jury having found in favor of Baer, its finding is not to be set aside if there is credible evidence to sustain it. The evidence should be construed most strongly in favor of appellant Baer. The jury found upon sufficient evidence that the warning signal to the rear of Berg's truck was insufficient. Baer and two other witnesses who had an opportunity to see and who looked, said they saw no reflector. Baer testified that when he turned up his lights after meeting the last car before he collided with the truck at a point fifteen or twenty rods away, he saw a light in what appeared to him to be the middle of the highway. He said that he kept applying his brakes slightly wondering what the flash-light was. At the end of thirty feet after he commenced to put on his brakes and when he was within five or ten feet of the truck, he saw the truck. The flash-light disappeared to his left. He then applied his brakes as hard as he could and attempted to turn but was unable to avoid the truck. While there was no evidence of fog or dust, there was evidence that the night was dark; that there was a light being waved in the middle of the highway; that Baer was unable to make out what it was; that as he approached the point where the light was, he diminished his speed, continued to see the light in the highway and did not see the truck until he was within a few feet, five or ten. Baer was in the exercise of some care. He was observing what he supposed to be the center of the highway. He could not tell whether the light was in the hands of a person or not. If as the jury found there was no reflective device on the truck, it was enshrouded in darkness and there was nothing about it to attract his attention. Every expe-

rienced automobile driver has had the sensation of coming upon a dark object in the night, which was directly in front of him, upon which efficient lights were shining, but which he had failed to see, although looking attentively until he was almost upon it. The expert evidence offered in *Colby Cheese Box Co. v. Dallendorfer, supra,* gave a scientific explanation of such phenomena. Prior to the amendment of the statute it was apparently assumed by the legislature that if an automobile driver had efficient lights, he could see any object within the range of the light without regard to its color. That was an unwarranted assumption and contrary to common experience. Under the statute the court was obliged to hold as it did. Nor is there any disposition to relax the rule of vigilance as to automobile users upon the highway. Here the attention of Baer was directed to an object, the light, in the center of the highway. Was his failure to see the truck under the conditions which we have described a want of ordinary care? Some of the most terrible and tragic automobile accidents that have been before this court have been caused by travelers running into parked trucks. Such an obstruction is a menace upon the highway and that fact has received legislative recognition by the enactment of ch. 181 of the Laws of 1933, which requires flares to be set and maintained during the entire time a parked truck or similar vehicle is left standing.

It is considered that whether under the circumstances the defendant Baer was guilty of negligence was a question for the jury, and that the trial court was not warranted in setting aside the verdict of the jury in that regard. Upon Baer's appeal the judgment must be reversed, with directions to grant judgment in favor of Baer upon the verdict.

The defendant Berg filed a cross-complaint against the defendant Baer, alleging negligence in several particulars, and sought recovery against Baer for damages sustained by

Berg, and in the event that both Berg and Baer were found to be liable to the plaintiff, for contribution. So far as contribution is concerned, that matter will be disposed of by the entry of the judgment upon the remission of the record. Baer, however, replied to Berg's cross-complaint and in turn cross-complained against Berg, Baer claiming that Berg was liable to him for damages sustained by him in the collision. The issues made by the two cross-complaints and the answers thereto were not disposed of upon the trial. Under the rule laid down in *Scharine v. Huebsch*, 203 Wis. 261, 234 N. W. 358, the trial court directed entry of judgment in favor of the plaintiff and against both defendants, leaving the issues as between the defendants themselves for further consideration. All of the issues raised by the respective cross-complaints and the answers thereto are now disposed of except the amount of damages Baer is entitled to recover from Berg.

Other questions are raised in the briefs which have been examined and no reversible error has been found. It is not considered that the questions raised merit discussion.

*By the Court.*—The judgment of the trial court upon Baer's appeal is reversed, with directions to enter judgment in favor of Baer as indicated in the opinion.

Upon Berg's appeal, plaintiff's judgment is affirmed. The cause is remanded to the trial court for the assessment of Baer's damages as against Berg and for judgment accordingly.