WEIR, Appellant, vs. CAFFERY and another, Respondents.

*March 15—May 1, 1945.*

For the appellant there were briefs by *Joseph N. Futowsky* and *Kersten & McKinnon,* all of Milwaukee, and oral argument by *Mr. Arlo McKinnon* and *Mr. Futowsky.*

For the respondents there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Howard A. Hartman* and *Irving T. Babb* of counsel, all of Milwaukee, and oral argument by *Mr. Babb.*

FOWLER, J. The plaintiff sues the defendant driver of an automobile and the insurer of his car to recover damages sustained by him when, in driving his car on a concrete highway in the country approaching a car headed in the same direction driven by the defendant, his car sloughed against the abutment of a culvert across the roadway. The ground of recovery claimed is violation by the defendant of the parking statute, sec. 85.19, Stats.

The case was submitted to a jury by special verdict which found, (1) that defendant stopped his automobile on the concrete; (2) that this constituted a want of ordinary care; and (3) proximately caused the plaintiff's injuries. The verdict also found plaintiff negligent as to speed and as to control of his car, that each was a proximate cause of the collision and that defendant's negligence was seventy-five per cent as compared to plaintiff's twenty-five per cent and as-

sessed plaintiff's damages at $8,075.55. The court entered judgment notwithstanding the verdict dismissing the complaint.

It is obvious that as this verdict stood it required judgment for the plaintiff under the comparative-negligence statute, sec. 331.045, for seventy-five per cent of the damages assessed. To warrant judgment of dismissal the verdict should have been set aside as not supported by the evidence and dismissal ordered because as matter of law the evidence did not show the defendant negligent, or the answers to the questions of the verdict should have been changed and judgment of dismissal entered on the verdict as amended. But the real ground of the court's judgment appears from the trial judge's written opinion and we will consider whether those grounds are well taken.

The trial judge was of opinion that finding (1) of the verdict is sustained by the evidence and with this we agree. But he was also of opinion that the verdict does not support judgment for the plaintiff because, (1) the parking statute does not apply; and (2) because stopping the car did not proximately cause the plaintiff's injuries.

From the evidence the jury might properly find that the facts, mostly undisputed, are as follows: At the time of the accident it was night, dark and raining, and visibility with proper headlights was not more than sixty to seventy-five feet. The defendant was driving south on State Highway 41. The concrete was eighteen feet wide and wet and slippery and the shoulder of the highway to the right of defendant's car was level for a width of seven to nine feet for several hundred feet in both directions from the parked automobile. As plaintiff neared defendant's car its taillight and headlights were off. There was not fifteen feet clearance on the concrete to the left of the defendant's car for cars to pass. A car was coming from the opposite direction of plaintiff's car, and the

sloughing of plaintiff's car was caused by application of his brake in effort of plaintiff to stop and thus avoid collision with this third car. Just prior to plaintiff's near approach to defendant's car the headlights of defendant's car winked out, came on again momentarily and then went out and stayed out. A tavern with neon lights shining across the road was located by the roadside to the right and ahead of defendant's car about three hundred to three hundred fifty feet south of the culvert, to which the defendant drove and at which he stopped. As the third car above mentioned reached the top of a hill or incline about two thousand feet from the culvert, the driver of that car and his wife who was with him saw the headlights of defendant's car wink off and wink on again momentarily and wink off again and stay off. When the lights did not come on after going off the defendant from his seat manipulated the light switches in an effort to get the lights to come on.

The third car traveled twenty miles per hour or less and when the lights winked out the defendant was traveling twenty-five to thirty miles per hour. When the plaintiff neared the defendant's car the car stood still and stood with all four wheels on the defendant's right half of the concrete.

Bearing in mind that the jury was the judge of the credibility of the evidence and properly might and presumably did find from it that the facts are as above stated we proceed to determine whether the trial court's propositions (1) and (2) next above stated are correct.

(1) As the four wheels of defendant's car all stood wholly on its right half of the roadway when the car was stopped, and the roadway, that is the concrete (*Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 2 N. W. (2d) 242; *Reykdal v. Miller,* 216 Wis. 561, 257 N. W. 604), was only eighteen feet wide, it is obvious that the roadway was not clear for fifteen feet opposite the car.

The language of the statute, sec. 85.19 (1), is clear, mandatory, and absolute:

"PARKING, STOPPING OR STANDING. (1) *Parking on highway.* No person shall park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway outside a business or residence district when it is practical to park, stop or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction along such highway."

It is also obvious from the facts above stated that because of darkness and the rain a clear view of the defendant's car for two hundred feet to the rear could not be obtained. The statute was thus manifestly violated in two respects if it was "practical to park, stop or leave such vehicle standing off the roadway." We consider that whether it was practical for defendant to get the car off the concrete before stopping it was a jury question. It would take the driver of the third car over a minute to reach the culvert after topping the hill where he saw the lights wink off. The defendant at twenty to twenty-five miles per hour could get his car onto the shoulder in much less time than that. His lights up to the time they winked out had been working properly according to his own testimony and the general nature and the extent of the shoulder to his right was thus observable as he went along for several hundred feet. The highway was one of the most extensively traveled north-and-south highways of the state. September is a season of extensive north-and-south travel. The day was Sunday, and Sunday travel is more extensive than travel on week days. The visibility was extremely poor. From all

this the jury might well have concluded that ordinary care required that on the winking out of his lights the defendant should have driven his car immediately off the concrete without wasting time in manipulating the lights, or else have driven on to the tavern before stopping. The only thing that can excuse noncompliance with sub. (1) of the statute is that the car "is disabled while on the highway in such a manner or to such extent that it is impossible to avoid stopping or temporarily leaving such vehicle in such position." Sub. (8), sec. 85.19, Stats. Under this provision, the only thing that disables is inability of the vehicle to be moved by its own power. *Liebenstein v. Eisele,* 230 Wis. 521, 284 N. W. 525; *Kassela v. Hoseth,* 217 Wis. 115, 258 N. W. 340. We consider that the jury's answer to the question above designated as question (2) of the verdict must stand as returned.

As to proposition (3) above stated by the trial judge, that the stopping of the car did not proximately cause the plaintiff's injuries, the trial judge failed to be governed by the last pronouncement of this court upon the point, *Guderyon v. Wisconsin Telephone Co., supra,* with which he said in his opinion that he does not agree. *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836; *Bunn v. Bucknam,* 227 Wis. 218, 278 N. W. 533; *Butts v. Ward,* 227 Wis. 387, 279 N. W. 6, all cited in the *Guderyon* opinion, all support the rule that stopping a car on the roadway in violation of the parking statute operates as a proximate cause of a collision with the stopped car by a car approaching from the rear. With like and equal reason it operates as a proximate cause of a collision of a car approaching the stopped car with an approaching car or a collision with an object on the highway caused by effort to avoid the approaching car. It is true that the defendant's car stood stopped on the pavement only a minute or so before the plaintiff's car reached it but the time interval is immaterial. A car is as likely to approach from the rear one moment as another. The time it stands becomes material only in case of a stopped

disabled car, one not movable by its own power. The defendant's car was not disabled. The defendant moved it by its own power on to the tavern.

The trial court was of opinion that although the statute did not apply the question whether ordinary care required the defendant to get off the road immediately was before the court, but thought the emergency rule justified the defendant's stopping and his endeavor to get his light on by manipulation of the switches before getting off the concrete. As the statute does apply, we need not consider this proposition. The defendant himself by stopping on the roadway negligently created the situation of danger with which we are concerned.

The trial judge was of opinion that noncompliance with the statute is excused where the conduct prohibited "is not wrongful if, because of an emergency or the like, the circumstances justify an apparent disobedience of the letter of the enactment," citing Restatement, 2 Torts, p. 754. Our decisions are in accord with the rule of the Restatement. *Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207; *Seligman v. Hammond,* 205 Wis. 199, 236 N. W. 115. But here the question whether the prohibited action was wrongful hinges upon the word "practical" of the statute. Without the word "practical" the Restatement rule might in some cases apply. A statute does not require one to do what is impossible or not reasonably possible under the circumstances. But when the jury in effect found that getting off the concrete was "practical" under all the circumstances, one of which was such emergency as the going out of the lights created, they decided the conduct of the defendant was wrongful and this leaves no ground for applying the Restatement rule invoked.

Defendants claim plaintiff was as negligent as the defendant driver. We consider that the jury's finding should stand.

The defendants moved for a review for failure of the trial court to rule on points raised by their motion after verdict,

but all points urged in their brief upon the motion are sufficiently covered by the above.

*By the Court.*—The judgment of the circuit court is reversed, with direction to enter judgment for the plaintiff upon the verdict returned by the jury.