Kline, Administratrix, Respondent, vs. Johannesen and another, Appellants.

*September 11—October 22, 1946.*

For the appellants there were briefs by *Moran & O'Brien* of Delavan, attorneys, and *Arthur Wickham* of Milwaukee of counsel, and oral argument by *Mr. Wickham*.

For the respondent there was a brief by *R. Stanley Kelly* of Burlington, attorney, and *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha of counsel, and oral argument by *Mr. Kelly* and *Mr. William A. Sheldon*.

Rector, J. The appellants argue that the deceased was negligent as a matter of law in failing to park his car entirely off the traveled roadway. The statute relating to parking on the highway is sec. 85.19, which reads in part:

"(1) *Parking on highway.* No person shall park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway outside a business or residence district when it is practical to park, stop or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction along such highway. . . .

"(8) *Disabled vehicles upon highway.* The provisions of this section shall not apply to the operator of any vehicle which is disabled while on the highway in such a manner or to such extent that it is impossible to avoid stopping or temporarily leaving such vehicle in such position."

The appellants argue that it is practical to remove a vehicle from the highway if it is possible to remove it under its own power. We do not so interpret the statute. It is required that, where practical, a vehicle is to be parked off the highway. Irrespective of the practicality of removal, no vehicle is to be left on the highway without allowing for the prescribed clearance and view. Recognizing that it may be impossible in a given situation to allow for such clearance or view, provision is made in sub. (8) for that contingency.

In construing. sub. (8) we have said that disability of a vehicle precluding possibility of removal means inability of the vehicle to move under its own power. *Weir v. Caffery* (1945), 247 Wis. 70, 18 N. W. (2d) 327. This being the test of what is possible so far as removal is concerned, and the statute plainly distinguishing between possibility and practi-

cality of removal, it follows that ability to remove a vehicle under its own power is not the test of practicality of removal. That which is possible may not always be practical. The practicality of removal, within the meaning of this statute, involves the exercise of reasonable judgment and discretion in view of all the circumstances. The deceased parked his car as far off the traveled roadway as would have been possible without, (1) driving farther along on that side of the highway, or (2) crossing to the other side where there was a wider space available off the traveled roadway and parking it faced in the opposite direction. It was for the jury to say whether the circumstances, including the possibility of damage to the punctured tire, justified failure to remove the car from the highway. There is no question but that the required clearance and view existed, so there is no occasion to apply the clause excusing noncompliance with such requirements.

It is next contended that as a matter of law the negligence of Mrs. Keyes in parking on the wrong side of the highway was a cause of the accident and that such negligence should be imputed to the deceased. The trial court was of the opinion that the jury was warranted in finding there was no causation involved in such negligence. We agree with that view. The evidence is conflicting on the point of whether the lights of Mrs. Keyes' car obscured the Kline car or so illuminated it as to assist oncoming drivers in seeing it. It may be significant in support of the latter view that several cars did approach and pass without incident. It was for the jury to determine whether Johannesen's inability to avoid the accident resulted from his own negligence rather than that of Mrs. Keyes.

There was considerable evidence dealing with the subject of drinking by Johannesen, the deceased, and Mrs. Keyes prior to the time of the accident. The appellants requested an instruction that the jury might consider such drinking together with all other facts and circumstances in determining whether those indulging in it were guilty of a want of ordinary care

but that drinking alone did not necessarily indicate that the person indulging in it had failed to exercise ordinary care. The trial court refused to give the instruction. It did instruct that there had been testimony with respect to drinking by Johannesen, and that this testimony might be considered together with all other facts and circumstances in determining whether Johannesen had failed to exercise ordinary care.

The appellants argue that Johannesen should not have been singled out as the sole drinker in the instruction and that it was error to refuse their request. There would have been no object in instructing with respect to any drinking by Mrs. Keyes since the court found her negligent as a matter of law and it would not have been material on the question of causation. Neither was it material on the question of Kline's alleged negligence. It could have nothing to do with whether he was negligent in failing to park his car off the highway under the circumstances. There was evidence of considerable drinking by Johannesen for some hours prior to the accident, and the jury was entitled to consider whether it did not so affect his driving as to contribute to the accident. *Strang v. Kenosha* (1921), 174 Wis. 480, 182 N. W. 741. The instruction covered the subject, and it was not error to refrain from the additional comment called for in the requested instruction. There was nothing in the instruction given to suggest that drinking of itself required the conclusion that Johannesen had failed to exercise ordinary care, and it was not required that any such conclusion be negatived.

The refusal of the court to instruct the jury that inability to remove a car under its own power is the only excuse for parking on a highway was proper in view of our construction of sec. 85.19, Stats.

*By the Court.*—Judgment affirmed.