Woodcock and others, Respondents, vs. Home Mutual Casualty Company, Appellant.

*June 8—July 1, 1948.*

*Donald L. Farr* of Eau Claire, for the appellant.

For the respondents there were briefs by *Stafford & Stafford* and *James A. McPhee,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner.*

FRITZ, J.   There is but little conflict or dispute in any material respect under the evidence herein.   The collision in question occurred about 9 p.m. on March 12, 1947, on a highway extending east and west; with a gradual upgrade from the west to the place of the collision.   The roadway thereof was twenty-one feet wide, and there were level shoulders fifteen to eighteen feet wide on each side.   Both drivers were driving eastward and were entirely familiar with the highway.   A damp snow and sleet was falling and was three or four inches deep on the shoulders and also the roadway, which was very slippery.   With proper headlights a driver could see about sixty to one hundred feet.   Cloe and Glen Woodcock were sitting with Russell L. Woodcock on the front seat of his car.   Likewise Steinberg's wife was sitting with him on the front seat.   He testified that with his lights on he could see the telephone poles and fences on each side of the road and the outline thereof until, without any warning, when a fuse burned out, the lights suddenly went out on his car, which he brought to a stop without seeing or knowing just where he was on the highway.   Mrs. Steinberg testified

that after the lights went out and before the collision she saw the fence on the south. Promptly upon stopping his car Steinberg took a flashlight which he had in the car and got out of it to ascertain its position on the highway. While doing that he saw the car operated by Russell L. Woodcock approaching from the west. It appeared to Steinberg to be about three blocks away, and he thought that the distance between his disabled car and the oncoming car was so short that he did not have time to get back in his car and attempt to drive it off the roadway. So he thought he had to go toward and signal the approaching car to stop, and he ran about sixty feet toward it with his flashlight, which he moved back and forth and waved around. But the oncoming car did not appear to slow down and he had to jump out of the way to avoid it as it passed him and collided with the rear left corner of his car. When Steinberg was asked, "Why did you go back with your flashlight rather than get in and try to get off the road," he testified, "It seemed to me the distance was so short I felt I didn't have time to go back into the car and drive it off away in that time. I had a flashlight and I thought to go back and signal the car. I felt that was the proper thing to do." He testified that from the time the fuse burned out and the lights went out to the time of the collision was a matter of very few seconds. When the court asked, "Can you give us an estimate on the number of seconds from the time you brought your car to a stop to the time you were sixty feet to the rear of it," he replied, "That of course wouldn't be very definite. I should judge it was probably ten or twelve seconds." There is no dispute in this respect. Steinberg's car stopped from sixty to seventy-five feet east of a little knoll.

The jury found that at and just prior to the time of the collision Steinberg was not negligent in failing to have his automobile display proper and adequate taillights; but that he was causally negligent (1) in stopping and leaving his automobile standing upon the highway when it was practical

to park, stop, and leave it standing off the roadway; (2) in stopping and leaving his automobile standing upon the highway without leaving a clear and unobstructed width of not less than fifteen feet upon the roadway opposite his standing vehicle; (3) and in stopping and leaving his automobile standing upon the highway where a clear view thereof could not be obtained from a distance of two hundred feet along such highway. As to Russell L. Woodcock the jury found he was causally negligent (1) in failing to heed any warning signal given him; (2) in failing to keep a proper lookout for other traffic; (3) in his management and control of his automobile; (4) and in operating it at an excessive and negligent rate of speed under the circumstances then and there existing. The jury also found (1) that neither Cloe nor Glen Woodcock was negligent in failing to use ordinary care for their own safety; (2) that the collision and damage were attributable fifty per cent to Steinberg's negligence, and fifty per cent to the negligence of Russell L. Woodcock; (3) and that Russell L. Woodcock failed to exercise the skill and judgment which he possessed in the management and control of his automobile, and that neither Cloe nor Glen Woodcock acquiesced in the manner in which Russell L. Woodcock was operating his automobile, nor assumed the risk of the injury resulting therefrom.

Defendant contends that when, because of the burning out of a fuse, the lights on Steinberg's car suddenly went out without warning, and by reason thereof he had to stop his car because he could not see or ascertain where it was on the highway, or the condition thereof under the fallen snow, Steinberg was confronted by an emergency which was not created by any negligence on his part; and that it was not possible for him to know immediately where to stop or leave his vehicle stand off the roadway until he could in the exercise of due diligence ascertain where it could be put off the roadway. On the other hand plaintiffs contend that it was practical for

Steinberg to park his car off the roadway, and this was a jury question under the evidence; and that he was not confronted by an emergency which was not created by negligence on his part. In support of these contentions plaintiffs cite *Weir v. Caffery,* 247 Wis. 70, 18 N. W. (2d) 327; *Kline v. Johannesen,* 249 Wis. 316, 24 N. W. (2d) 595.

The uncontradicted evidence herein, which is involved in respect to said contentions of the parties, clearly compels the conclusion that when, without any negligence on the part of Steinberg, the lights of his car suddenly went out, upon a fuse burning out, so that he was entirely in the dark and could not see or know, because of the darkness and the fallen snow and sleet, where his car was on the highway, nor the condition thereof where he immediately brought the car to a stop and took his flashlight and got out of the car in order to ascertain its position on and the condition of the highway, he was then confronted by an emergency which was not created by any negligence on his part. That emergency was clearly due to the fact that his car became disabled while on the highway in such manner and to such extent that it was impossible to avoid temporarily stopping or leaving his car at that place. And it is likewise clearly evident, under undisputed evidence, that while Steinberg was promptly endeavoring to ascertain the condition of the highway and the position of his car thereon, so that he could place it where it would be safe, he noticed the approach of Woodcock's car and immediately ran toward it and waved his flashlight as a warning signal until he was compelled to step out of that car's way as it continued until it collided with the rear of Steinberg's car within ten to twelve seconds after he had stepped out of his car. In view of the emergency thus created, and confronting him, because of which he was compelled to act instantly, his action in stepping out of the car and endeavoring by waving his flashlight as a warning signal to avoid a collision with an approaching car, instead of attempting to move

his car before he could ascertain its location on the highway and where it would be safe to park it, was clearly such action as a person of ordinary prudence placed in the same position could rightly take, even though he did not make the wisest choice. *Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207. As Steinberg, when the lights on his car suddenly went out, could not see or know on what part of the highway his car was or the condition of the highway under the covering of the snow, he would certainly have been negligent had he not applied the brakes. If he had operated his car farther and without lights he would have been violating the law. Sec. 85.06, Stats. Under the circumstances, it was not only impractical for him to stop or park off the roadway of the highway, but it was impossible to see or know whether to move or where to go in order to stop or park off the roadway. Before he could discover those essential matters it was, in his opinion, impossible to move his car before it was struck by the oncoming car. In sub. (8) of sec. 85.19, Stats., it is provided that the provisions of sec. 85.19, including the provisions in sub. (1) thereof in relation to parking or stopping or leaving a vehicle standing on a highway, "shall not apply to the operator of any vehicle which is disabled while on the highway in such a manner or to such extent that it is impossible to avoid stopping or temporarily leaving such vehicle in such position." This provision is applicable in this case to Steinberg's car because, in view of the above-stated temporarily existing conditions and circumstances, the car can be considered to have become disabled by the burning out of the fuse and going out of the lights while on the highway in such manner that it was impractical and dangerous and therefore virtually impossible to avoid temporarily leaving the car in its position on the highway. Until Steinberg could, in the exercise of due diligence, ascertain the location of his car on the roadway or highway, and the condition thereof under the

fallen snow, it was to all intents and purposes just as dangerous and impossible for him to remove his car from the place where it stopped to some place where it would not be in the way of other cars passing on the roadway, as if the impossibility of removal had been due to inability to move his car "under its own power,"—which in *Weir v. Caffery, supra,* and *Kline v. Johannesen, supra,* was stated to be the "only thing" that can be considered to so disable a car as to render the provision in sub. (8) of sec. 85.19, Stats., applicable thereto. Obviously in thus construing in those cases the statute so as to limit its application to solely inability to move a car under its own power, there was overlooked the situation that a car can become disabled while on a roadway in such manner or to such an extent, as in the case at bar, that it is impossible to avoid stopping or leaving it temporarily in such position by reason of other "things" than solely inability to move it "under its own power." Therefore the limited construction given those provisions in the *Weir* and *Kline Cases* should be and is hereby modified so as to include as a disability thereunder inability to move a car immediately from a roadway under existing conditions and circumstances of the nature stated above; and consequently the inhibitions prescribed by the provisions in sub. (1) of sec. 85.19, are not applicable in this case. When Steinberg's car was stopped because of his inability to see or know where it was on or in relation to the roadway and the condition of the highway under the covering of snow, there was no actionable negligence on his part in that respect, nor in his immediately getting out of the car with his flashlight to ascertain the conditions in relation to those matters by walking around his car. And when, while doing so, he saw Woodcock's car approaching in the snowstorm only a short distance away, and the emergency which at that instant arose and confronted Steinberg precluded in his mind any possibility of removing

his car before a collision occurred, his failure to do so cannot be held to constitute negligence, even though he may not have made the wisest choice. *Johnson v. Prideaux, supra.*

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint and cross complaint.