SCHROEDER, Respondent, vs. KUNTZ and another, Appellants.

*March 30—May 5, 1953.*

For the appellants there was a brief and oral argument by *C. J. Crooks* of Wausau.

For the respondent there was a brief by *Schmitt & Gullickson* of Merrill, and oral argument by *Leonard F. Schmitt*.

BROADFOOT, J. The defendants contend that the trial court erred in failing to direct a verdict in their favor; that the plaintiff was negligent as a matter of law in respect to speed and lookout; that the plaintiff as a matter of law was at least as negligent as Kuntz; that the negligence, if any, on the part of Kuntz could not be a proximate cause of the collision; and that the damages are excessive.

On the other hand, the plaintiff contends that there was credible evidence to support the findings of the jury on each issue, including the damages awarded; that the negligence of Kuntz was a proximate cause of the collision; that the comparison of negligence was for the jury; and that the damages awarded are not excessive.

Each party cited several cases in support of his position. Each selected one case in particular and expressed satisfaction with some quotations from the opinion. The defendants cite the case of *Woodcock v. Home Mut. Casualty Co.* 253 Wis. 178, 33 N. W. (2d) 202, while the plaintiff insists that *Brothers v. Berg,* 214 Wis. 661, 254 N. W. 384, is squarely in point and should govern this case.

The facts in cases involving a collision between motor vehicles are so dissimilar that we look for principles rather than precedents in the earlier decisions. Each case must be considered upon its own facts. Several cases are cited calling attention to a rule of long standing in this state. The last one is the case of *Cook v. Wisconsin Telephone Co.*, ante, p. 56, 56 N. W. (2d) 494. That decision quoted from *Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 227, 2 N. W. (2d) 242, as follows:

"Under these circumstances there was applicable to her conduct in the control and management and the speed at which she continued operating the car, the well-established principle that it is the duty of the operator to drive it at such rate of speed that he can bring his car to a standstill within the distance that he can plainly see objects or obstructions ahead of him; and that if he continues to proceed when he is unable to see because his vision is obscured by smoke, or dust, or darkness, he is negligent."

In the *Cook Case, supra,* the following quotation was also given from *Mann v. Reliable Transit Co.* 217 Wis. 465, 468, 259 N. W. 415, as follows:

"When the situation on a highway is such that one's vision is completely obscured, it is one's duty to slow down or even stop until the cause of such obscured vision is at least in part removed. *Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207; *Leonard v. Bottomley,* 210 Wis. 411, 245 N. W. 849; *Pietsch v. McCarthy,* 159 Wis. 251, 150 N. W. 482. Whether one's vision is completely obscured by blinding lights, dust, or dense smoke seems quite immaterial. Had it not been raining hard at the time of the accident, we should be inclined to hold that the plaintiff was negligent, as a matter of law, in not discovering that the Sprout truck was standing still."

The rule was adopted in this state many years ago with the advent of the automobile. We are not unmindful that conditions have changed greatly since the rule was first announced. Highways and motor vehicles have been improved to such an extent that higher speeds are required to move traffic expeditiously. A strict application of this rule in every case might lead to absurd extremes. It might even require a complete stoppage of traffic. This could well lead to more accidents than those that the rule was designed to eliminate. As a result thereof many states, although keeping the rule, are applying exceptions when the circumstances warrant. In our own state we have recognized the camouflage

doctrine in several cases. Illustrative of these are *Colby Cheese Box Co. v. Dallendorfer,* 213 Wis. 331, 251 N. W. 447; *Brothers v. Berg,* 214 Wis. 661, 254 N. W. 384. Other exceptions are referred to in an exhaustive note in 22 A. L. R. (2d) 292, 304. The rule is still effective in Wisconsin and any further departure therefrom must depend upon the record presented to us in each case.

From the record here we are forced to conclude that the plaintiff was negligent as a matter of law in failing to reduce her speed to a greater extent than her testimony indicates that she did. This does not mean, as the defendants contend, that the plaintiff as a matter of law was at least as negligent as Kuntz. Based upon the facts presented by the record in this case, the comparison is a matter for the jury. There is ample evidence to sustain the finding of the jury as to the negligence of Kuntz and also the finding that the plaintiff was not negligent as to lookout. Our attention is called to no particular act that the plaintiff did, or omitted to do, that was negligent control and management except that she failed to reduce her speed. As our determination on the matter of speed will require a new trial we will not labor the latter point, nor will we further discuss the other allegations of error raised by the defendants.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

CURRIE, J. (*concurring*). Since our decisions in *Quady v. Sickl* (1952), 260 Wis. 348, 51 N. W. (2d) 3, 52 N. W. (2d) 134, and *Hephner v. Wolf* (1952), 261 Wis. 191, 52 N. W. (2d) 390, counsel in a number of subsequent automobile cases have cited such decisions as holding that the causal negligence of any operator of a motor vehicle who at night collides with a vehicle stopped or parked on the paved portion of a highway is, as a matter of law, at least equal to that of the operator of the other vehicle. The opinion in the

instant case should clarify such misunderstanding of the holding in the *Quady v. Sickl* and *Hephner v. Wolf Cases,* and make it plain that the decisions in those two cases were based upon the particular facts there presented. In fact, the comparison of negligence in the *Quady Case* on appeal did not involve the negligence of the operator of the vehicle which was struck from the rear but the negligence of the driver of the truck approaching from the opposite direction who did not dim his lights.

In the ordinary case of a moving motor vehicle colliding at night with another vehicle parked or stopped wholly or partially in the proper lane of travel of the moving vehicle, the comparison of negligence of the operators of such two vehicles presents a jury issue in which it will not be held as a matter of law that the negligence of one is at least as great as that of the other.

The opinion in the case at bar also adheres to the principle so well established in the prior decisions of this court, that failure of the operator to reduce his speed to the extent necessary to enable him to stop within the distance he can see ahead because of obstruction of vision due to blinding lights of an approaching car, smoke, fog, etc., before any vehicle or obstruction is sighted by him in his lane of travel, presents an issue of negligence as to speed and not as to management and control. On the other hand, once the operator sights a stopped or slowly moving vehicle obstructing his lane of travel ahead, failure to timely and adequately apply his brakes, or to turn sharply to the right or left, so as to avoid a collision, presents an issue of management and control.