Dieterich, J.
 

 The accident occurred at 12:30 in the morning of July 11, 1959. Charles Michael Pettit stopped his automobile headed in a westerly direction on Highway 70 at a point about one mile east of the city of Spooner, Washburn county, Wisconsin. Jack Olson, accompanied by three passengers, was driving his car in a westerly direction on Highway 70. Pettit was struck after he had stopped his car, or the car had stalled, and he had stepped from the car to the pavement. At the time the decedent, Pettit, parked his car in his lane of traffic there was a 15-foot clearance on the highway to the south of the stopped vehicle, and a gradual slope of about four inches to the north. The right of way to the north was also clear of obstructions, for a distance of approximately 30 feet. The record reveals that this area off the pavement is reasonably level, making it possible to drive a car into that area.
 

 Olson, the defendant, testified he was driving in a westerly direction at approximately 55 miles per hour and upon cresting a hill was able to observe and did see the Pettit car on the road ahead. The distance from the crest of the hill to the point of impact was approximately 358 feet. Cresting the hill, he observed the headlights of a car coming from the opposite direction and placed his lights on low beam. Upon observing the parked car ahead, he applied his brakes, causing his car to go into a slide or skid. He thereupon released the brakes to straighten out the car, then reapplied pressure to the brake pedal until impact. The point of impact with the stalled car was in the center of the westbound lane. Olson further testified that at the time of impact with the stalled automobile he did not see anyone, and was not
 
 *188
 
 aware until after the accident that he had struck Pettit. His testimony is as follows:
 

 “Q.
 
 Did you see anybody out on the highway at or near the Pettit car?
 
 A.
 
 Yes.
 

 “Q.
 
 And will you tell us what you saw?
 
 A.
 
 I seen a person in the back of the car. . . .
 

 “Q.
 
 Where was that person when you first saw him?
 
 A.
 
 In the middle of the car.
 

 “Q.
 
 What was he doing?
 
 A.
 
 Just standing there. . . .
 

 “Q.
 
 When did you last see this person?
 
 A.
 
 Just before the impact.
 

 “Q.
 
 Where was he then?
 
 A.
 
 He seemed to be out of the way.
 

 “Q.
 
 What do you mean by that?
 
 A.
 
 Couldn’t see him. He had walked off the edge of his car.”
 

 The testimony further reveals that at the place of the accident there was debris within a three-foot circle and gouges and scratches all north of the no-passing line. The defendant’s car came to rest at a distance 54 feet northwesterly from the debris and the decedent’s car was eight feet, six inches north of the pavement and 51 feet west of the defendant’s car. After the collision the decedent was found lying with his head resting against the right rear door of the defendant’s car.
 

 The defendant contends that there is no evidence to support the affirmative answer of the jury as to the question on management and control, and further that as a matter of law the negligence of the decedent, Charles Michael Pettit, is equal to or greater than the negligence of the defendant.
 

 The law in this state is well settled that when a jury’s findings are attacked, and particularly when they have had the trial court’s approval, our inquiry is limited to the issue of whether there is any credible evidence to support the jury’s findings.
 
 Olson v. Milwaukee Automobile Ins. Co.
 
 (1954), 266 Wis. 106, 62 N. W. (2d) 549.
 

 
 *189
 
 There was no evidence in the record to sustain a finding that Olson was negligent as to speed, and nothing to dispute the testimony that he was traveling at about 55 miles per hour on a straight, well-paved highway. However, a jury issue is presented as to whether Olson was negligent with respect to management and control of his automobile. Upon cresting the hill and observing the parked car of the decedent 358 feet away, Olson, the defendant, applied the brakes on his car. He did not attempt to avoid a collision by turning to the right or to the left, instead he maintained control over his car in such manner that a collision resulted. The defendant testified:
 

 “Q.
 
 Did you see the Pettit car as soon as you came over the crest of the hill?
 
 A.
 
 Yes.
 

 “Q. What did you do when you saw the Pettit car?
 
 A.
 
 Applied my brakes. . . .
 

 “Q. What happened when you applied your brakes?
 
 A.
 
 Car went into a slide. . . .
 

 “Q.
 
 Now, from the time you first applied your brakes until you collided with the Pettit car and including the time when you released the brakes, were your front wheels going straight ahead at all times?
 
 A.
 
 As far as I know, they were.
 

 11Q.
 
 Did you turn your car at any time? A. No, sir.
 

 “Q.
 
 Did you blow your horn at any time?
 
 A.
 
 No, sir.”
 

 The jury was entitled to consider this and other evidence and determine whether the defendant was negligent as to management and control.
 

 The appellant, Olson, contends that had he turned to the left he would have turned into the path of an oncoming car. There is evidence in the record to indicate at least one car was approaching from the opposite direction. He further contends that had he turned to the right he would more likely strike the decedent who could be expected to move off the highway to the right-hand shoulder of the roadway. Olson also testified that he did not see anyone at the time
 
 *190
 
 of the collision, but did see the decedent standing behind his stalled automobile prior to the moment of impact.
 

 The testimony reveals that when Olson came over the hill he saw the stalled car. He also saw the decedent standing behind it some 358 feet away. This permitted the jury to infer that the defendant, Olson, had time and opportunity to properly manage and control his car so as to avoid the accident. We find there was sufficient credible evidence for the jury to find the defendant negligent as to management and control of his automobile.
 
 Schroeder v. Kuntz
 
 (1953), 263 Wis. 590, 58 N. W. (2d) 445.
 

 The instant case differs from
 
 Gilbert v. Reid
 
 (1960), 10 Wis. (2d) 398, 102 N. W. (2d) 750, inasmuch as the jury in this case had before it evidence of the time and space which separated the Pettit car and the Olson automobile. There was sufficient credible evidence before the jury, more than mere speculation as in the
 
 Gilbert Case,
 
 to give warning to the driver, Olson, that Pettit was in the driver’s path. The jury could reasonably consider that Pettit was negligent as to his position on the highway. The presence of the Pettit car stalled on the highway 358 feet away was sufficient notice to the defendant that ordinary care required the approaching driver to stop or manage and control his car in such a manner as to avoid a collision. Had he so controlled his car he would not have struck Pettit.
 

 We do not decide whether the finding of the jury that Pettit’s position on the highway was not causal is sustained by the evidence, although Western Casualty & Surety Company included in its alternative motions after verdict one for a new trial because the verdict was contrary to the evidence. Western Casualty & Surety Company has not requested a new trial on this appeal, but only the dismissal of the complaints. We point this out so this opinion shall
 
 *191
 
 not be interpreted as approving the action of the trial court in not changing the jury’s answer on motions after verdict.
 

 The second point urged by the defendant is that, as a matter of law, the negligence of the decedent is equal to or greater than the negligence of the defendant.
 

 This court has held in
 
 Schroeder v. Kunts, supra,
 
 and
 
 Jennings v. Mueller Transportation Co.
 
 (1955), 268 Wis. 622, 68 N. W. (2d) 565, that we are not committed to the concept that negligence of an operator of a motor vehicle who at night collides with a vehicle stopped on a street, road, or highway is, as a matter of law, at least equal to that of the driver of the stopped vehicle.
 

 The converse of the above is also true. The negligence of an operator of a vehicle parked on the highway at night is not, as a matter of law, at least equal in negligence to the driver who collides with the parked vehicle.
 

 Each case of this kind must be decided upon its own facts, and in the vast majority of such cases the comparison of negligence is for the jury and not the court to determine.
 
 Vidakovic v. Campbell
 
 (1956), 274 Wis. 168, 79 N. W. (2d) 806.
 

 Inasmuch as every automobile case must rest upon its own factual evidence, and there being such facts and evidence in this case, it is for the jury to determine which of the parties was the more negligent, or whether their negligence was equal. It was not the duty of the trial court nor the duty of this court to invade the province of the jury and determine as a matter of law that both were equally negligent.
 
 Szymon v. Johnson
 
 (1955), 269 Wis. 153, 69 N. W. (2d) 232, 70 N. W. (2d) 5.
 

 The rulings of the trial court in refusing to allow the two police officers to testify as to skid marks measured and observed the day following the accident, as well as other obser
 
 *192
 
 vations and investigation made on the day following the accident, raised on the motion to review, are not decided because of the affirmance of the judgment.
 

 There being credible evidence to support the jury’s findings, the judgment is affirmed.
 

 By the Court.
 
 — Judgment affirmed.