HARRINGTON, Respondent, vs. DOWNING and another, Appellants.

*January 8—February 5, 1918.*

*Pleading: Defenses: Waiver of rights: Sales: Breach of warranty: Notice.*

1. Matters of defense not called to the attention of the court and opposing parties during the trial so that in the determination of the issues they may be given due consideration, are effectually waived and cannot thereafter be urged as grounds for a new trial or for reversal of the judgment on appeal.
2. Thus, in an action to recover damages for breach of a warranty that a cow sold to plaintiff was sound, where the answer admitted that at the time of the sale the cow had a certain disease and the sole defense was that plaintiff accepted the animal with knowledge of that fact, it was too late, after a verdict for plaintiff and upon a motion for a new trial, for defendants to assert for the first time, as a defense, that plaintiff had not given them notice of the breach of warranty, as required by sec. 1684*t*—49, Stats.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

On the 4th day of May, 1914, at the city and county of Waukesha, the defendants sold to plaintiff a certain cow, known as Jennie De Kol Pauline, No. 161,219, and warranted said cow to be sound. The plaintiff alleged in his

complaint that at the time of said sale and warranty said cow
was physically unsound, in that it was afflicted with a disease
known as mamitis and had an infectious disease commonly
known as contagious abortion, and claimed damages as and
for a breach of said warranty of soundness.    The case was
submitted to a jury and a general verdict was returned in
favor of the plaintiff.    From a judgment entered thereon
defendants appealed.

For the appellants there was a brief by *Holt & Coombs,*
attorneys, and *Lockney & Lowry,* of counsel, all of Waukesha,
and oral argument by *A. N. Coombs.*

For the respondent there was a brief by *Hennessey, Hennessey & O'Boyle,* attorneys, and *Vincent D. Hennessey,* of
counsel, all of Milwaukee, and oral argument by *Vincent D.
Hennessey.*

OWEN, J.    Appellants contend that there was not sufficient evidence to justify submitting to the jury the question
of whether the cow was afflicted with contagious abortion at
the time of the sale nor to sustain an affirmative finding in
that behalf.    We have carefully examined the evidence and
are satisfied that it was sufficient to take the question to the
jury and to sustain the verdict.    No useful purpose will be
accomplished by a review and analysis of the evidence and no
more need be said upon this branch of the case.

In answering the allegation of the complaint that the cow
was afflicted with a disease known as mamitis at the time of
sale, the defendants alleged "that said cow Jennie De Kol
Pauline was in all respects physically sound and clean except that said cow was slightly afflicted in one quarter with a
disease known as mamitis, of which mamitis said plaintiff
. well knew at the time of purchase."    Thus defendants admit
that the cow was afflicted with mamitis at the time of sale,
the defense being that the plaintiff had knowledge thereof
and accepted the cow with such affliction.    This position
was strenuously maintained by defendants throughout the

trial. It is believed that the trial court in its charge to the jury fairly stated the position taken and maintained by the defendants, in the following language:

"The existence of the mamitis being admitted, the question for you to determine in that regard is whether or not the plaintiff waived that defect or infirmity. The defendants have the burden of proof on that question of waiver. If you are satisfied to a reasonable certainty by a preponderance of the evidence that plaintiff was informed and knew of the mamitis before he accepted and paid for Jennie, then he waived any damage caused by such condition. But if you do not so find, then you will find in favor of the plaintiff on the issue of waiver."

It appears from the record that upon a motion for a new trial the attention of the court was for the first time called to sec. 1684t—49, Stats., a constituent part of the Uniform Sales Act, which provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

And the defendants contended that the case ought not to have been submitted to the jury because there was no evidence that the plaintiff had notified the defendants that the cow had mamitis, and that the case was improperly submitted to the jury because the court did not charge that in order to hold the defendants liable it must appear that the plaintiff had notified them that the cow had mamitis. In denying the motion for a new trial the court said:

"It is true that defendants duly moved to have the issue of mamitis taken from the jury. However, it was not urged, nor even suggested, that because plaintiff had failed to notify

defendants of a breach of warranty on account of the mamitis he was thereby precluded from a recovery for damages resulting from the same. The provision of the Uniform Sales Act, now relied upon, was not called to my attention until the motion for a new trial was argued; and no principle of law embodying the same or similar proposition was urged in support of defendants' contention that the question of mamitis should not be submitted to the jury. It seems to me that under those circumstances the defendants should not be heard to complain."

From all this it appears that the sole defense was that although admittedly the cow had mamitis at the time of the sale, this fact was known to the plaintiff and he accepted the cow with that affliction. There was no suggestion from beginning to end, either in the answer, upon motion for nonsuit, or by a request to charge the jury, that the failure, if such there was, to notify defendants of the affliction was in any manner relied upon as a defense to plaintiff's claim for damages on account of the mamitis.

It was decided at an early date that matters of defense not brought forward and called to the attention of the court and opposing parties during the trial in some appropriate manner so that in the ultimate determination of the issues their influence might be given due consideration, are effectually waived, and thereafter they cannot be urged as grounds for a new trial or reversal in this court, as will be seen by reference to *Congar v. Chamberlain,* 14 Wis. 258, wherein, among other things, it was said:

"The argument here embraces several questions which were not raised on the trial below, and most of them are, on that account, not now open to consideration. Upon whom was the burden of showing a breach of the alleged warranty? What was the measure of proof required to establish it? Did the warranty constitute a part of the contract for the sale of the trees, or was it made afterwards; and if so, upon a sufficient consideration? What were the terms of the contract, and when was it made? Did it fix the time for the delivery of

the trees, and was the appellant in that respect in default? If he was, did the respondent relinquish his claim by an unconditional acceptance of them? Were the statements of the appellant mere expressions of opinion or of expectation on his part, or were they intended and received as a warranty? All these were questions of this nature, and proper to have been presented and discussed before the court and jury at the hearing; and the appellant, by his failure to do so, effectually waived them, so that he could not afterwards make or avail himself of them, either upon the motion for a new trial or on appeal to this court."

And this is true of those property rights deemed of such transcendent importance as to be guaranteed by the fundamental law.

In *Leora v. M., St. P. & S. S. M. R. Co.* 156 Wis. 386, 146 N. W. 520, where it was held that by a failure of the defendant to call attention to a federal statute during the trial it waived all rights accruing to it thereunder, the present Chief Justice points out that there is no room for debate as to the correctness of the principle that where a constitutional provision is designed solely for the protection of the property rights of the citizen, it is competent for him to waive the protection and to consent to such action as would be invalid if taken against his will, and that this principle of consent or waiver has been frequently applied in cases where it is claimed in the appellate court for the first time that a law under which a recovery has been had in the trial court is unconstitutional. In concluding the discussion in that case it was said:

"We shall not attempt to lay down here any hard-and-fast rule as to the manner in which the question should be brought to the attention of the trial court. We should not deem any formal pleading necessary, but we should deem it essential that at some time before or during the trial, and at a time when the opposing party has proper opportunity to meet the question by evidence, the objection that the case falls under the federal liability act should be distinctly made, and there-

after insisted on. ·Otherwise we should consider the objection as waived."

That is applicable to the situation presented here, and effectually disposes of appellants' contentions.   It was too late, upon a motion for a new trial, to suggest for the first time the defense now urged.   The trial court·was right in refusing to grant the motion for a new trial, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.