CROMBIE, Appellant, vs. IMMEL CONSTRUCTION COMPANY, Respondent.

*May 9—June 18, 1928.*

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee and *Duffy & Duffy* of Fond du Lac, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

Owen, J. The defendant was the principal contractor engaged in the construction of the Capitol Theater building in Madison. J. C. Thielacker was constructing the steel work in the said building under a subcontract. The plaintiff was superintendent for Thielacker. On the 4th day of April, 1927, the plaintiff was standing in an alley adjacent to the building directing the operations of a derrick used for raising the steel to its proper position in the building. This derrick was operated by a gasoline engine. From this position he was enabled to watch the movements of the derrick and signal the operator of the gasoline engine. He was standing six or seven feet from the building. While this was an advantageous position from which to direct the work, he could just as well have occupied a position at a greater distance from the building. While standing in this position, a brick fell from the fifth floor of the building, striking him on the head, causing serious injury. The only ground of negligence stated in the complaint was this:

"While the plaintiff was standing in an alley near said building a certain employee of the defendant was engaged in work on the fourth or fifth floor of said building, and that due to the carelessness and negligence of this defendant a number of bricks became detached from the wall of said building, which wall was then in process of construction, and fell, one of said bricks striking this plaintiff on the head and causing the injuries hereinafter more specifically referred to."

During the trial the defendant introduced evidence tending to prove that a large canvas had been fastened to the side of the building, extending from one of the floors to the ceiling above. This canvas was held in place by wooden cleats fastened with eight-penny nails; at about 11 o'clock during the morning in question this canvas had blown loose at the bottom and had been flapping in the wind; the canvas was again fastened in the same manner; at the time of the accident a very high wind was blowing, the canvas had again

become unfastened, and, while whipping back and forth in the wind, caught several bricks which defendant had piled near the edge of the building, throwing them to the ground, one of which struck the plaintiff.

As a result of this evidence plaintiff's counsel, during the trial, asked the court to include in the verdict the question whether or not the defendant violated the safe-place statute. The court indicated his unwillingness to include this question in the verdict. Counsel for plaintiff then stated that they desired to amend the complaint so as to raise the issue. The court stated that he would allow such an amendment, but that it would be upon condition that the case would be continued over the term, and that the plaintiff would be required to pay defendant's taxable disbursements then incurred. After due reflection and consideration plaintiff's counsel announced that they would not move to amend the complaint, but that they elected to go to the jury on the verdict as framed, which covered the issues made by the pleadings.

The jury found that the brick that struck the plaintiff was not dislodged by a workman of the defendant as alleged in the complaint, and that the plaintiff failed to use ordinary care. Upon this verdict judgment was rendered against the plaintiff.

Upon this appeal it is urged that the court erred in refusing to permit the amendment except upon the terms stated; that, in any event, the amendment was not necessary, and that, even though this court should be of the view that the trial court did not err in the matters suggested, a new trial should be ordered under the provisions of sec. 251.09, Stats., which provides as follows:

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse

the judgment or order appealed from, regardless of the question whether proper motions, objections or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

While there was no formal motion to amend the complaint, the matter of amendment was discussed, and the court stated the conditions upon which an amendment would be allowed. For the purposes of this opinion we will speak of this incident as a motion to amend. In discussing this motion the defendant's attorneys insisted that they were unprepared to meet such an issue; that if defendant's liability depended upon the trial of that issue it would be necessary to establish by more evidence than was at hand the fact that the use of the canvas was usual and customary, constituting proper practice, and that it was fastened in the usual and customary manner. Manifestly if this were true the defendant should not have been forced to trial upon an issue it was unprepared to meet. Whether this were true was a question for the trial court to decide, and its decision upon such a question cannot lightly be disturbed. It should not be disturbed unless it appears to have been an abuse of discretion. That we cannot say. We are rather strongly impressed that the amendment should not have been allowed without according to the defendant an opportunity to prepare to meet the issue which the proposed amendment would have presented. This would have necessitated a continuance of the case over the term, a condition of which the payment of defendant's disbursements was entirely proper under settled practice. These considerations also dispose of the suggestion that no amendment was necessary.

We now come to the question of whether we should

order a new trial under the provisions of the statute above quoted. That statute was enacted for a very beneficent purpose. It has for its object the promotion of justice. If invoked in moderation and sound discretion it will abundantly justify its existence. If it be used to correct every error of judgment on the part of counsel it will encourage attorneys to gamble with situations, give rise to loose practice, protract litigation, and result more in a nuisance than a benefaction. There are two reasons why it should not be invoked here: The plaintiff finds himself in his present position because, after due consideration, he decided to take his chances of recovery upon the original issues rather than to pay the expense imposed upon him for a continuance. Having squarely met this issue and having elected his course of action, it is not harsh to require him to abide by the result. To relieve him from the situation calls for an indulgence the general policy of which would be to demoralize judicial procedure, protract litigation, and result in greater evil than good. Furthermore, this indulgence should not be extended unless it appears that justice has miscarried, and that a different result might probably be obtained upon another trial. The jury found the plaintiff guilty of a want of ordinary care. There is some doubt as to whether they found that such want of ordinary care proximately contributed to the accident. That, however, presents more of a technical than a practical question and is unnecessary to consider. The finding that plaintiff failed to exercise ordinary care is abundantly sustained by the evidence, and a similar finding by another jury would defeat plaintiff's right to recover under issues raised by the proposed amendment. We cannot assume that another jury would come to a different conclusion upon this evidence, and unless there is some reason for so assuming a new trial should not be granted.

*By the Court.*—Judgment affirmed.