LECKWE, Appellant, vs. RITTER, Respondent.

*February 9—March 8, 1932.*

334

For the appellant there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *Arnold R. Petersen*.

*Edward J. Reynolds* of Madison, for the respondent.

NELSON, J.   The sole question is whether the trial court erred in directing a verdict for the defendant.   The accident, which resulted in the breaking of the plaintiff's leg, occurred on a highway running north and south in the town of Dunn, in Dane county, on the morning of April 22, 1930. The only witnesses to the accident were the plaintiff, the defendant, and his wife.   The plaintiff, just before the accident, was walking in a northerly direction along said highway, and the defendant was driving his automobile in the same direction.   The accident occurred about 200 feet north of the bridge over the Yahara river.

The plaintiff resided on the westerly side of the highway, some considerable distance therefrom.   He testified that on the morning in question he left his home intending to go to a neighbor's to do some carpenter work; that he entered the highway at a point about fifty feet north of the bridge, looked to see if any car was approaching, and seeing none turned to the left and started up the road; that he proceeded a distance of about 150 feet when he was struck by the defendant's car, thrown to the ground, and that the left front wheel of the automobile ran over his right leg near

the ankle resulting in its fracture. The plaintiff further testified that the road at the place of the accident was a gravel road about ten to fifteen feet wide; that at the time of the accident he was traveling on the left side of the road about five feet in from the left-hand side or about one-third in on the graveled part of the road. Most of the witnesses for the defendant testified that the graveled portion of the road at the point of the accident was eight to nine feet wide, although no witness seems to have based his estimate upon any measurement.

The defendant testified that on the day in question he was driving his car along the highway in a northerly direction; that he had for some time observed the plaintiff approaching the highway; that as the defendant approached the bridge he saw the plaintiff walking in a northerly direction along the road; that at a point which was concededly about 300 feet southerly from the place of accident he sounded his horn; that as the plaintiff evidently did not hear the horn he slowed his automobile down to ten miles an hour while crossing the bridge and further reduced his speed after going over the bridge and while approaching the plaintiff; that he did not again sound his horn for the reason that he feared the plaintiff might become startled and jump in front of his car. It was apparent to the defendant and his wife that the plaintiff did not hear the horn. The defendant testified that his rate of speed for at least thirty feet before the accident was such that he could have stopped his car within two feet. The defendant testified that instead of sounding his horn or instead of stopping his car he turned to the right to go around the plaintiff and that at the time of the accident his left wheels were in the right-hand traveled track; that his car did not strike the plaintiff; that although there was a clearance of two feet between the left side of his car and the plaintiff, the latter whirled and twisted from right to left and fell down upon the highway. Both defendant and his

wife testified that the plaintiff, at the time of the accident, was not on the left side of the road. Mrs. Ritter testified that, before the accident, she and her husband mentioned the fact that the plaintiff was on the right-hand side of the road; that the plaintiff did not look back when the horn was sounded and gave no indication of having heard the horn.

The trial court concluded that there was no question for the jury because, at the moment of the collision, the defendant's car was entirely on the right side of the traveled highway. This conclusion was based upon the testimony of the defendant, of Mrs. Ritter, and of a Mr. Edwards who testified that some time after the accident he observed skid marks on the right side of the highway at the point of the accident. The court further based its conclusion upon an answer of the plaintiff that he did not know just where the defendant's car was at the time of the collision. The court seems clearly to have ignored or held for naught the testimony of the plaintiff that he was proceeding along the highway on the left side thereof. The court further concluded that, since the plaintiff was over on the right side of the traveled portion of the highway, he was guilty of a want of ordinary care as a matter of law. Sec. 85.44 (6), Stats.

It is the duty of trial courts to direct verdicts and grant nonsuits in proper cases. When a verdict is directed, the question on appeal is whether the trial court was clearly wrong. *Finkelston v. Chicago, M. & St. P. R. Co.* 94 Wis. 270, 278, 68 N. W. 1005; *Kroger v. Cumberland .F. P. Co.* 145 Wis. 433, 130 N. W. 513; *McCune v. Badger,* 126 Wis. 186, 105 N. W. 667; *Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30. In this case we entertain no doubt that the testimony gave rise to several questions which should have been determined by the jury. The trial court seems clearly to have been unduly influenced by the testimony of defendant's witnesses as to the position of the car at the time of the accident. If the plaintiff's testimony that he was traveling on the left side of the road

and that while so traveling he was struck by defendant's car was believed by the jury, then of course the defendant's car could not have been traveling on the extreme right side of the road at the time of the accident. We think further that the failure of the defendant to sound his horn after having come over the bridge, or to stop his car when it was apparent to him that the plaintiff was entirely oblivious to his approach, constituted some evidence of negligence which the jury might properly have considered.

The conclusion of the court that the plaintiff was guilty of a want of ordinary care as a matter of law, under sec. 85.44 (6), is based upon the conclusion of the court that the plaintiff was traveling on the right side of the highway. If the plaintiff was in fact traveling on the left side of the highway, the court's conclusion as to plaintiff's want of ordinary care would certainly not follow.

We have grave doubts as to whether the legislature intended to require a pedestrian walking along a narrow one-track country highway to travel only along the left side thereof, with the incidental consequence that a pedestrian not so traveling would be guilty of a want of ordinary care as a matter of law even though run down by an automobile approaching from the rear.

From the testimony found in the record we have concluded that the defendant's negligence and the plaintiff's contributory negligence were clearly jury questions. Had this action been tried by the court we should have no hesitation in upholding the decision rendered. However, since this was a jury trial and involves a directed verdict, established rules must control.

"In determining whether a verdict should have been directed for defendant the plaintiffs' evidence must be assumed to be true." *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 230, 129 N. W. 1096.

*By the Court.*—Judgment reversed, with directions to grant a new trial.