Actions were commenced by the plaintiffs to recover damages as the result of injuries sustained in a collision with the truck of the Shawano Transfer Company. They sued Shawano Transfer Company, Bruce Dodson Company, its insurance carrier, and Vernal Winters, driver of the *Page 292 
truck. These defendants impleaded James McKeever, owner of a second truck, Lumbermens Mutual Casualty Company, his insurance carrier, and Edward Hansen, driver of the McKeever truck, and sought contribution on any judgment which plaintiffs might recover against them. The action proceeded to trial before the court and a jury.
The accident occurred on Broadway, a north-south street in Green Bay, at a point nearly opposite the driveway leading to the Green Bay Box Company factory situated on the west side of the street.
Plaintiffs, Charles and Evelyn Rhodes, were traveling north on Broadway in Charles' automobile at about eight o'clock a. m., July 21, 1947, behind the McKeever truck. When the truck reached a point nearly opposite the box-factory driveway, the truck driver either pulled up parallel with the center of Broadway on the east side and stopped to permit the Shawano Transfer Company truck which was proceeding south on Broadway to pass before he turned into the driveway, as he claimed, or he turned in ahead of the Shawano Transfer truck, causing the driver of the latter to take to the east side of Broadway to avoid a collision of the trucks. In any event, the Rhodes car passed around the McKeever truck to the right and collided almost head on with the Shawano Transfer truck in the east half of Broadway a few feet north of the front of the McKeever truck.
The jury found, in effect, that the driver of the McKeever truck was negligent in invading the west half of the roadway at a time when the Shawano Transfer truck was so close as to create a hazardous situation which caused the Shawano Transfer truck and the Rhodes car to collide.
The jury absolved Winters, the driver of the Shawano Transfer truck, from negligence with respect to speed and failed to answer questions inquiring as to his conduct immediately before the collision with respect to lookout and turning left' across the pathway of the Rhodes car. *Page 293 
Upon motions after verdict the principal defendants sought and obtained a judgment of dismissal of the complaints of the plaintiffs. The impleaded defendants sought a dismissal of the defendants' cross complaint against them. This was granted.
Although the plaintiffs made no claim in the entire action of negligence against the impleaded defendants, they moved after verdict for permission to amend the pleadings to conform to the facts as found by the jury. The trial court allowed the "proceedings" to be amended, and ordered judgment in favor of the plaintiffs against the impleaded defendants. From those judgments the impleaded defendants have taken this appeal.
Plaintiffs also appeal from an order of the trial court enlarging the time to settle the bill of exceptions. The appellants ordered a transcript of the record twelve or ten days before the expiration of the ninety days allowed by statute for the settlement of the bill of exceptions, and were told by the court reporter that he could not get out the record in the allotted time. Petition was then made to the trial court and the time was extended. Plaintiffs contend that this was not sufficient cause to justify extension of the time, and that the trial court abused its discretion.
There is nothing in the record to indicate that the trial court was guilty of an abuse of discretion in extending the time within which the bill of exceptions could be settled. *Page 294 
In granting plaintiffs' motion for amendment of the proceedings the trial court concluded that the fact that when the appellants were impleaded the plaintiffs had not amended their complaint to seek positive relief against them, did not in any way impair appellants' rights. In this conclusion the trial court was in error. It is clear that had the plaintiffs amended their complaint the appellants would have had the right to set up as a defense contributory negligence on the part of the plaintiff Charles Rhodes, and would also have had the right to implead Charles Rhodes in the case in which Evelyn Rhodes is plaintiff to seek contribution against him for her damages. In the absence of those pleadings appellants had no duty to establish such claims and perhaps no right to.
Even under the elasticity of code pleadings, pleadings should be such that litigants know at least the general position of the parties to the action at the time of trial so that they may be apprised of the charges against which they must defend.
Since the rights of the impleaded defendants have been prejudiced and since the proper disposal of those rights requires the presence of all parties at the trial; because there is no basis in law for the order entered by the trial court granting judgment to the plaintiffs against the impleaded defendants — the judgments must be reversed. Upon the rendition of the verdict the trial court had the right to grant a new trial in the interests of justice if he felt that justice had miscarried, or the duty to dismiss the defendants' cross complaint against the impleaded defendants as well as the complaint of the plaintiffs against the defendants, and nothing more. It is evident the trial court felt that a dismissal of the plaintiffs' causes of action would not be just.
In submitting the special verdict the court asked as the first question:
"Just preceding the collision between the coal truck and the Rhodes automobile did Edward Hansen, the driver of *Page 295 
the box truck, turn left across the center of Broadway for the purpose of entering the box-company driveway?"
The fourth question read:
"If you answer the first question `No,' then answer this question:
"Just preceding said collision was Vernal Winters [driver of the coal truck] negligent with respect to lookout?"
It is difficult to see why the court required this question to be answered only in the event that the first question should be answered "No." Even though Hansen, the driver of the box truck, was negligent in turning across the path of the coal-company truck, it would appear that there would still be the question of whether Winters, the driver of the coal truck, might not have been able to avoid the accident if he had kept a proper lookout.
Under the broad powers granted to this court by sec.251.09, Stats.,[1] we order a new trial of the issues between all parties.
By the Court. — Judgments reversed and causes remanded for a new trial.
[1] 251.09. In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the. question whether proper motions, objections, or exceptions appear m the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such .procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice.
The following opinion was filed February 14, 1950: