Cook, Respondent, vs. Wisconsin Telephone Company, Appellant.

*December 4, 1952—January 6; 1953.*

58

For the appellant there was a brief and oral argument by *Vilas H. Whaley* of Racine.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

GEHL, J.   The trial court changed the answers to the questions which inquired whether defendant's driver was negligent with respect to speed and to management and control upon the ground that he was guilty of causal negligence in those respects as a matter of law.   The court was of the opinion that the issue is determined by the rule of *Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 2 N. W. (2d) 242.   In that case it appeared that one Teske proceeding south upon a highway drove his truck to the east side of the road and parked it facing south at a point about six feet north of a place where a farmer was engaged in burning brush.   The fire caused a cloud of smoke to blow southwestward almost completely obscuring the view along the highway from the south toward the parked truck.   Mrs. Guderyon, in an automobile, approached the truck from the south at a speed of from 20 to 30 miles per hour and on passing through the cloud of smoke crashed into the truck.   The driver of the truck testified that when he first saw plaintiff's automobile it was about 100 feet to the south of him; that all he could

see through the smoke was the top of the car and about a foot of the windshield, and that the obstruction caused by the smoke had existed for at least fifteen seconds before the collision. Mrs. Guderyon was killed as a result of the accident and, of course, did not testify. The truck driver testified that he did not notice that Mrs. Guderyon slowed down before the crash and this court assumed that she did not. This court held that Mrs. Guderyon was guilty of causal negligence as a matter of law with respect to speed and control, and said (p. 227):

"Under these circumstances there was applicable to her conduct in the control and management and the speed at which she continued operating the car, the well-established principle that it is the duty of the operator to drive it at such rate of speed that he can bring his car to a standstill within the distance that he can plainly see objects or obstructions ahead of him; and that if he continues to proceed when he is unable to see because his vision is obscured by smoke, or dust, or darkness, he is negligent."

And, quoting from *Mann v. Reliable Transit Co.* 217 Wis. 465, 259 N. W. 415, it said further (p. 468):

"When the situation on a highway is such that one's vision is completely obscured, it is one's duty to slow down or even stop until the cause of such obscured vision is at least in part removed. *Johnson v. Prideaux,* 176 Wis. 375, 187 N. W. 207; *Leonard v. Bottomley,* 210 Wis. 411, 245 N. W. 849; *Pietsch v. McCarthy,* 159 Wis. 251, 150 N. W. 482. Whether one's vision is completely obscured by blinding lights, dust, or dense smoke seems quite immaterial. Had it not been raining hard at the time of the accident, we should be inclined to hold that the plaintiff was negligent, as a matter of law, in not discovering that the Sprout truck was standing still."

Counsel for defendant points to but one distinction between the facts in the instant case and those in the *Guderyon Case;* that in the latter it appeared that Mrs. Guderyon did not

reduce her speed on entering the smoke, while it appears here that the truck driver did reduce his speed as he approached the alley and when he reached the gutter he reduced it further to a point where he could not go slower without coming to a stop. The difference in the rates of speed at which the vehicles were being driven does not serve to distinguish the cases. The duty to stop under the circumstances exists regardless of the rate of speed at which the vehicle is being driven. If because of his speed he is unable to stop and avoid a collision, he has failed to comply with the rule.

The obstruction to the truck driver's view did not appear suddenly. He observed the smoke as he entered Dodge street from an intersecting street to the west of the alley. He could not see more than 10 feet ahead of him just before he started to make the turn into the alley and was unable to see plaintiff when he started to make the turn. He could not see beyond the burning leaves. At no time before the accident did he sound his horn. He had previously seen the city's employees burning leaves in the streets in the manner in which plaintiff was engaged at the time.

We see no escape from the conclusion that this case calls for the application of the rule of the *Guderyon Case.* From the truck driver's own testimony it appears that as he entered the area covered by dense smoke his vision was completely obscured. Under those circumstances it was his duty to drive at such rate of speed that he could bring his car to a standstill within the distance that he could plainly see objects ahead of him and so to control the operation of the truck as to be able to avoid striking an object ahead of him. We are compelled, as the court was in the *Guderyon Case,* to hold upon undisputed testimony that he failed in those respects and that such failure appears as a matter of law. The trial court was therefore required to order a new trial so that the jury might have a proper basis for the comparison of negligence.

Defendant contends that it was error to include in the special verdict a question inquiring as to the truck driver's negligence with respect to sounding the horn; that that element is included in the question inquiring as to management and control. It has long been the rule in this state that where specific acts of negligence are charged in the complaint and litigated upon the trial a special verdict should contain specific questions covering those alleged acts. It is true that in this case it was not alleged in the complaint that the truck driver failed in a duty to sound his horn and that generally such omission would preclude proof of acts constituting the failure. *Miller v. Kenosha Electric R. Co.* 135 Wis. 68, 115 N. W. 355. The rule is subject to the exception, however, that such proof may be received if it does not operate to the disadvantage of the defendant on the trial. *Tolleman v. Sheboygan L., P. & R. Co.* 148 Wis. 197, 134 N. W. 406. In that case, as here, the evidence on which the finding was based was given by the defendant. The truck driver in the instant case testified that he did not sound his horn and the jury found that such failure was negligent. Defendant was not prejudiced by inclusion in the verdict of the question as to sounding of the horn.

We have in a number of cases recognized that failure to sound a horn may constitute a separate element of negligence. *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380; *Hanes v. Hermsen,* 205 Wis. 16, 236 N. W. 646; *Leckwe v. Ritter,* 207 Wis. 333, 241 N. W. 339; *Patterson v. Edgerton Sand & Gravel Co.* 227 Wis. 11, 277 N. W. 636; *Straub v. Schadeberg,* 243 Wis. 257, 10 N. W. (2d) 146. Of course, the question may not be submitted unless the testimony warrants its submission. We consider that in this case the jury might properly find that the truck driver, as he approached a sidewalk likely to be traversed by pedestrians and an area occupied by a city employee as plaintiff was, and covered by a cloud of smoke sufficiently to obscure his view, should have

sounded his horn. The court did not err in submitting the subdivision.

Defendant contends, also, that its motion for a directed verdict should have been granted for the reason that it appears as a matter of law that the negligence of plaintiff was equal to or exceeded that of the driver. We consider that the facts were such as to make that issue one peculiarly for the jury. We may not say that plaintiff's negligence with respect to the position he occupied in the alley was equal to or greater than that of the driver who must be found guilty as a matter of law with respect to his speed and his control and management of the truck and was found by the jury to have been guilty with respect to his failure to sound his horn.

In his argument in support of the court's order granting a new trial plaintiff contends that the jury's award of damages is inadequate. Since we have already concluded that there must be a new trial it is unnecessary to consider the question.

Plaintiff contends further that the court should have found as a matter of law that he was not negligent with respect to the position which he occupied and that if he was, his negligence was not causal. It has been consistently held by this court that a person required to work in a place of danger is not required to give his undivided attention to dangers which threaten him as is required of a person situated in a place of danger with nothing to divert or distract his attention from such danger. *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944. He is required, however, to exercise some degree of diligence; he is not relieved of taking any precautions at all for his own safety. He has no right to assume a dangerous position on the highway when there is a reasonably safe one open to him for the performance of his work.

"The degree of care required in the instant case of the plaintiff is the degree which an ordinarily careful laborer, similarly occupied and situated, would exercise under the

64

same or similar circumstances." *Isgro v. Plankinton Packing Co.* 176 Wis. 507, 515, 186 N. W. 606.

Whether he has exercised that degree of care is for the jury's determination. *Hodgson v. Wisconsin Gas & E. Co.* 188 Wis. 341, 206 N. W. 191; *Patterson v. Edgerton Sand & Gravel Co., supra; Isgro v. Plankinton Packing Co., supra.*

*By the Court.*—Order affirmed.