OMER, Plaintiff and Respondent, vs. RISCH and another, Defendants and Respondents: PODLESNY and another, Interpleaded Defendants and Appellants. [Case No. 176.] *

PODLESNY, Plaintiff and Respondent, vs. RISCH and another, Defendants and Appellants. [Case No. 177.] *

*January 14—February 8, 1955.*

* Motion for rehearing denied, with $25 costs, on April 5, 1955.

Case No. 176:

For the plaintiff there was a brief and oral argument by *Crosby H. Summers* of Janesville.

For the defendants there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp* and *Roy E. Berg,* all of Janesville.

For the interpleaded defendants there were briefs by *Mc-Cue & Regan* of Milwaukee, and oral argument by *John H. Regan.*

Case No. 177:

For the plaintiff there were briefs by *McCue & Regan* of Milwaukee, and oral·argument by *John H. Regan.*

For the defendants there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp,* all of Janesville.

FAIRCHILD, C. J. The judgment in favor of Omer must be affirmed. The findings of the jury, approved by the learned trial judge, are sustained by credible evidence. The defendant Risch failed to see the car in which Omer was a guest, although he had ample opportunity to see it, until aft-

er he had crossed the center line of the highway preparatory to turning into the farm driveway where he was to deliver a manure spreader which he was towing behind his truck. He did not notice Podlesny's oncoming car timely, and, under the facts of the case, a finding is warranted to the effect that his negligence contributed to the collision between his truck and Podlesny's car injuring Omer. Risch's testimony is to the effect that he did not see the oncoming car until he was between 30 to 40 feet north of the point of impact, while it was possible to see southerly a distance of some 900 feet. From the testimony as viewed by the jury and by the trial judge, Donald B. Risch was causally negligent with respect to turning to the left, as he did, without signaling his intention to make the turn.

On the issues between the defendant Risch and the defendant Podlesny in the comparison of negligence, the jury apportioned the responsible negligence as between the drivers 25 per cent to Risch and 75 per cent to Podlesny.

As to the plaintiff Omer, his right to recover under the verdict against Risch and his insurance carrier must be upheld, and the judgment in that respect is affirmed. Omer belatedly did move to amend his complaint to allege a cause of action against his host and the Milwaukee Automobile Insurance Company. That motion was denied, and properly so, under the doctrine recognized in *Rhodes v. Shawano Transfer Co.* 256 Wis. 291, 294, 41 N. W. (2d) 288, where it was said:

"Even under the elasticity of code pleadings, pleadings should be such that litigants know at least the general position of the parties to the action at the time of trial so that they may be apprised of the charges against which they must defend."

In his complaint, Omer stated no cause of action against Podlesny. The trial court correctly ruled that an amendment stating a cause of action against Podlesny coming in at this

time would deprive the defendant Podlesny and his insurer of an opportunity to defend against a complaint thus amended. Omer's recovery upon the verdict can be only against Risch and Rural Mutual Casualty Insurance Company.

The trial court in considering the matters in difference between the drivers of the two vehicles, ruled with relation to that phase of the case that in the interest of justice there must be a re-examination of the apportionment of negligence. Risch and Podlesny were both negligent. It appears that Risch did invade the lane of travel of Podlesny and that he failed to keep a proper lookout. And this required holding him responsible for a greater portion of that negligence than 25 per cent. It was also ruled that the assessment of the portion of negligence chargeable to Risch and Podlesny must have further consideration. The motion of Podlesny to have the verdict show that Risch was causally negligent with respect to lookout and with respect to turning to the left when such a turn could not be made with reasonable safety to other users of the highway was properly granted in order to have a new determination of the apportionment of the negligence.

The trial court entered its judgment affecting the Hardware Mutual Casualty Company, ruling that as the damages found for the plaintiff Omer and for the plaintiff Podlesny do not exceed the limits fixed by the policy of insurance assumed by the Rural Mutual Casualty Insurance Company, therefore the Hardware Mutual Casualty Company, under its contract, and according to the terms of this policy, is entitled to an order of dismissal. The court was of the opinion that the physical facts warranted a finding of excessive speed on the part of Podlesny. The evidence is undisputed, which shows that the Podlesny car skidded 138 feet prior to the collision with Risch's truck, and that during a portion of this distance Podlesny's car was skidding sideways, that the impact was very severe in spite of the fact that the Risch truck had almost stopped its forward motion, that the Pod-

lesny car was severely damaged, and "that the front bumper of the Risch truck was sheared off and so completely imbedded in the right side of the Podlesny car that a pickaxe was necesary to remove it." It also appears that the impact drove the Risch truck and tow backward a short distance, and that after striking the truck, Podlesny's car moved about 12 feet more into the ditch and then 18 feet farther, and stopped when it buried its nose in the side of the ditch. For these reasons, the order for a new trial of the issues in the case of Andrew Podlesny against Risch was granted on all issues except damages.

*By the Court.*—Judgment in favor of Omer in the case of Gailord Omer v. Donald B. Risch, Rural Mutual Casualty Ins. Co. *et al.,* No. 176, is affirmed; the order for a new trial in Andrew Podlesny v. Donald B. Risch and Rural Mutual Casualty Ins. Co., No. 177, is affirmed. The judgment for contribution in Omer v. Risch, No. 176, is reversed, and the cause of action of Risch and Rural Mutual Casualty Insurance Company on the cross complaint for contribution shall be held in abeyance until after the new trial is had in the case of Podlesny v. Risch, No. 177, and then disposed of on the basis of whether or not Podlesny is found causally negligent therein.