OMER, Plaintiff, vs. RISCH and another, Defendants and Respondents. [Case No. 242.] *

PODLESNY and another, Plaintiffs and Appellants, vs. RISCH and another, Defendants and Respondents. [Case No. 243.] *

*April 9—May 7, 1957.*

* Motion for rehearing denied, with $25 costs, on June 26, 1957.

580

For the appellants there were briefs by *McCue & Regan* of Milwaukee, and *Crosby H. Summers* of Janesville, and oral argument by *Mr. Summers*.

For the respondents there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* and by *Roy E. Berg,* all of Janesville.

BROWN, J. We consider first Podlesny's action against Risch. The evidence showed that just before the collision Risch was driving south, towing a manure spreader, intending to turn into a farm driveway on the east side of the highway. At the same time Podlesny was driving north, unaware of Risch's intention and expecting to meet and pass him. Risch began his turn by a gradual invasion of Podlesny's side of the road, not noticing Podlesny and without making a signal indicating his purpose. When Risch noticed Podlesny's presence he turned back to his own right side of the road but Podlesny, in an effort to avoid a collision, was then turning to that side also. The collision occurred on the west half of the highway, causing injuries to Podlesny's guest, Omer, and other damages to Podlesny. The jury found Risch causally negligent in lookout but not negligent in management and control, and found Podlesny causally negligent in management and control but not in lookout. As we have said, the comparison was 80 per cent to Risch and 20 per cent to Podlesny.

On this appeal Podlesny argues that there is no evidence of any negligence on his part. The evidence did not differ in any material way from that received in the first trial, and reviewed in our opinion in the first appeal in 269 Wis. at pages 66 and 67, in which the jury found Podlesny causally negligent both in speed and in management and control. By approving the order for a new trial to reapportion causal negligence, we affirmed the finding that Podlesny was causally negligent; otherwise we would have had to reverse the order and direct the dismissal of the cross complaint which sought contribution from him.

Podlesny contends that, at the most, his negligence was only in excessive speed, and speed, alone, cannot be the

cause of an accident. The evidence shows more than mere speed. After applying his brakes Podlesny skidded along the highway toward Risch's automobile, part of the time sideways, and ended by smashing the right side of his car into the front of Risch's. This physical fact, we think, warrants the jury's conclusion that there was negligence in Podlesny's management and control. In *Young v. Nunn, Bush & Weldon Shoe Co.* (1933), 212 Wis. 403, 410, 249 N. W. 278, we said that a driver may proceed at a negligent rate of speed and, by reason of this speed may find himself in a situation requiring instant decision and giving him opportunity for further negligence with respect to control. Such a situation was presented here. The court charged the jury that it might consider Podlesny's speed in answering the question on management and control. There was ample evidence that at the time of the collision Risch, heading south had returned to the west lane of travel. The finding that, in order to strike him there, Podlesny was negligent in the management and control of his automobile, must be sustained.

Podlesny contends that the trial court should have granted his request to include in the special verdict a question asking whether Risch was causally negligent in turning left when such a turn could not be made with reasonable safety to other users of the highway and in so turning without giving an appropriate signal. There was· evidence in the record to support affirmative answers. "It has long been the rule in this state that where specific acts of negligence are charged in the complaint and litigated upon the trial a special verdict should contain specific questions covering those alleged acts." *Cook v. Wisconsin Telephone Co.* (1953), 263 Wis. 56, 62, 56 N. W. (2d) 494. On the first trial, on the same evidence the trial court answered as a matter of law that Risch turned left when such turn could not be safely made, and that this was causal negligence. The trial court's action was approved

by our opinion in that appeal. In the second trial the court attempted to cover this issue only in the charge to the jury on the issue of management and control. Nevertheless, the second jury found Risch not guilty of causal negligence in management and control. We think the law of the case requires the court to answer, as it did in the first trial, that the turn constituted causal negligence; and, as in the first trial, the court should have submitted the requested question on the failure to give a signal of the intention to turn. The absence of such questions and answers in the verdict, particularly the omission of a finding, as a matter of law, that under the cirumstances the left turn constituted causal negligence, made the comparison of negligence incomplete and was prejudicial to Podlesny. His motion for a new trial on these grounds should have been granted.

We turn now to Podlesny's appeal from the judgment requiring him to contribute to Risch one half of the amount Risch has had to pay Omer. Our mandate in the first appeal directed this judgment to be held in abeyance pending the second trial and then "disposed of on the basis of whether or not Podlesny is found causally negligent therein." *Omer v. Risch* (1955), 269 Wis. 61, 67, 68 N. W. (2d) 541. Podlesny has now been found causally negligent and the trial court has entered a new judgment commanding him to contribute.

Podlesny's contention here is that the trial court committed error in overruling all of his many attempts to litigate the question of Omer's assumption of the risk of Podlesny's negligent driving. The learned trial court considered that issue was excluded by our mandate ordering disposition of the contribution question in accordance with Podlesny's causal negligence. Podlesny submits that assumption of risk has never been determined and until it has been there can be no determination that he has any liability to Omer; consequently, there can be no determination of a common lia-

bility by both drivers to Omer with rights of contribution between drivers.

In the first trial Podlesny's answer to the cross complaint in the Omer case alleged that Omer assumed the risk of Podlesny's driving. The special verdict contained the question, "Did Andrew Podlesny fail to exercise the skill and judgment which he possessed with respect to the management and control of his automobile?" The answer was "Yes." This question had no part in the verdict except to aid in the determination of assumption of risk. If Podlesny wanted a specific answer to the question "Did Omer assume the risk?" or its equivalent, it was his duty to request a question to which that answer might be given, but there was no such request nor did his motions after verdict bring this issue to the attention of the court. The judgment granted Risch contribution by Podlesny, thus implying a negative answer to any contention that risk had been assumed. Sec. 270.28, Stats., provides:

"SUBMISSION TO JURY; OMITTED ESSENTIAL FACT. When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto*."

We agree with the trial court that the issue of Omer's assumption of the risk was determined in the first trial unfavorably to Podlesny and under our mandate was not to be relitigated upon remand.

Podlesny also asks for a new trial in the interest of justice. Except for the new trial on the issue of comparative negligence, as already expressed, we consider the interest of justice would not be advanced by an additional trial.

*By the Court.*—The judgment in case No. 242, Omer v. Risch, and Podlesny, interpleaded defendant, is affirmed.

The judgment in case No. 243, Podlesny v. Risch *et al.,* is reversed, and the cause remanded for a new trial solely to determine the issues of negligence, causation, and comparison. The result of such trial shall affect only the proportion by which, if any, the recovery of damages to Podlesny as already found shall be reduced by reason of his own contributory negligence.

FAIRCHILD, J. (*dissenting*). In my opinion there was no prejudicial error which requires a new trial in Podlesny v. Risch. There may appear to be an inconsistency between the ruling on the first trial that Risch was causally negligent in turning left and the verdict on the second trial that he was negligent as to lookout but not management and control. Such inconsistency seems to me, however, to be one of form but not substance. Risch invaded Podlesny's lane in the process of making or beginning to make a left turn. That action of Risch was certainly the dominant cause of the collision. Evidently Risch started to make his turn because he did not see Podlesny approach. The jury answered that Risch was negligent as to lookout but not negligent as to management and control, apparently reasoning that he made the turn in ignorance of danger and that it was the lack of attention which caused the ignorance which was the real cause of the difficulty. Risch was charged by the jury with 80 per cent of the responsibility. In my opinion the record does not require us to say that the jury's reasoning was wrong.