TOWN OF RIPON, Respondent, v. DIEDRICH, Appellant.

*March 2—April 11, 1967*

460

For the appellant there was a brief and oral argument by *H. Maxwell Manzer* of Ripon.

For the respondent there was a brief and oral argument by *William F. Hayes* of Ripon.

HANLEY, J.   In view of the established fact that the defendant did not expressly request the town of Ripon to

grade and gravel Skyline Circle roadway, the question turns upon the right of the plaintiff to have been permitted to amend his pleadings to prove a cause of action based on *quantum meruit* or unjust enrichment rather than oral contract.

The defendant was the owner of the tract of land referred to as "Skyline Circle." In 1958, defendant presented a plat for Skyline Circle to the town board for approval. As a condition for the approval of the plat defendant Diedrich agreed "to have the road in good condition so the town will not have to do any changing on grade and to have a good coat of gravel on road so that cars and trucks can travel on the road."

The plat was approved by the town of Ripon in 1958 and recorded in Fond du Lac county, Wisconsin.

Prior to the plat approval defendant Diedrich had spent $438.50 for culverts in order to provide access to Union street. No money had been expended at that time for gravel for the road.

Upon the demand of residents the town of Ripon in 1963 found it necessary to provide a suitable road for the residents living in Skyline Circle. In 1963 the town of Ripon spent $1,711.65 for grade and graveling the road known as "Skyline Circle" and the expenditure was billed to the defendant. The town of Ripon blacktopped the road a year later, but Diedrich was not billed for this work.

The defendant Diedrich at no time denied his obligation to the town of Ripon to grade and gravel the Skyline Circle roadway, as provided for in the town board minutes. Defendant testified that he had the roadway graded and graveled before the plat was submitted for recording. However, later he testified there were no bills for graveling before 1957.

The chairman of the town board testified as to the agreement of the parties and that there was no road— just two tracks and no grade established by Diedrich.

At this point counsel for the defendant made the following statement:

"I don't like to make objections, but this case can go on weeks. This is a case of quantum meruit for contracting work and performance, has nothing to do with any of this evidence, and I refer to the complaint. We are talking about an entirely different type of lawsuit."

The court permitted the witness to answer and we believe properly so in view of the form of counsel's objection and his admission that it was a case of *quantum meruit*. We believe the testimony was relevant to support an implied consent to have the road constructed by the town after Diedrich's failure to construct it within a five-year period. Here the agreement involved the construction of a roadway and the defendant knew, or should have known, that if he failed to construct the roadway, the town of Ripon would necessarily have to do so.

Under the provisions of secs. 269.44 and 263.28, Stats., the trial court properly allowed the motion to amend the pleadings to conform to the proof.

Sec. 269.44, Stats., allows the trial court to amend the pleadings even after judgment provided that the transaction in the amended pleading is connected with the subject matter of the action upon which the original pleading was based.

It is evident that both pleadings in the instant case arise out of the fact that the town of Ripon believed that the defendant Diedrich was obligated to construct a road pursuant to the conditional platting and that in the event he failed to do this, the town of Ripon could construct the road for him and submit the bill.

The same facts are present in both situations, and it certainly is in the furtherance of justice to allow the town to amend its pleadings so that the plaintiff town of Ripon has a cause of action under a theory of implied contract.

Sec. 263.28, Stats., provides that any allegation in a pleading at variance with an element of proof shall be deemed immaterial unless the variance in the pleading misleads the adverse party to his prejudice.

The trial court in its memorandum decision stated:

"The facts in this case are uncomplicated and both parties were adversed before trial, a pre-trial conference was held and the facts were well known before trial. This court does not see that the defendant would be misled by amending a complaint . . . ."

Also, it must be considered that the defendant, Diedrich, was put on notice that if the court granted the motion to amend the pleadings, the trial court would then give judgment to one party or the other, depending on what the evidence established.

It was incumbent upon Diedrich at that time, following his timely objection, to also ask for an adjournment, a continuance, or just terms so that he could properly defend his case, providing he had a defense.

The burden was on the defendant-appellant to ask the trial court for exactly what he wanted or else it should be considered to be waived.

If defendant, Diedrich, had further evidence, in the way of a defense, it should have been brought to the trial court's attention. It is elementary law that issues cannot be raised for the first time on appeal. See *Hastings Realty Corp. v. Texas Co.* (1965), 28 Wis. (2d) 305, 317, 318, 137 N. W. (2d) 79, and *Herro v. Heating & Plumbing Finance Corp.* (1931), 206 Wis. 256, 264, 239 N. W. 413.

In *Harrington v. Downing* (1918), 166 Wis. 582, 585, 166 N. W. 318, this court said:

"It was decided at an early date that matters of defense not brought forward and called to the attention of the court and opposing parties during the trial in some appropriate manner so that in the ultimate determination of the issues their influence might be given due considera-

tion, are effectually waived, and thereafter they cannot be urged as grounds for a new trial or reversal in this court . . . ."

Had defendant raised in the trial court the argument that he had additional rebutting evidence, perhaps constituting a defense, it would then have been for the trial court to decide if a continuance of the case was in order, and that decision would then have been reviewable. See *Crombie v. Immel Construction Co.* (1928), 196 Wis. 319, 322, 220 N. W. 186.

Defendant does not claim surprise. He did not ask for any terms or any adjournment. Under such a situation the trial court did not err in allowing the amendment to the pleadings. *Musha v. United States Fidelity & Guaranty Co.* (1960), 10 Wis. (2d) 176, 184, 185, 102 N. W. (2d) 243; *Duffy v. Scott* (1940), 235 Wis. 142, 146, 147, 292 N. W. 273.

Defendant could have moved in the alternative for additional time to present any other defenses in the event the court decided to grant plaintiff's motion. He failed to do so and certainly was aware that the proof was in and that both parties had rested their cases.

The defendant's defense to the cause of action was that he provided grading and graveling for Skyline Circle roadway at the time the plat was approved. However, the evidence clearly established that defendant did not grade or gravel the road as claimed. He did a partial job.

Appellant Diedrich cites two cases which he claims are support for his contention that it was error to allow the pleadings to be amended.

In *Rhodes v. Shawano Transfer Co.* (1950), 256 Wis. 291, 41 N. W. (2d) 288, this court held that it was error to allow the pleadings to be amended because the litigants were not apprised of the charges against which they must defend. In *Rhodes, supra,* the appellants never knew they were being sued by the plaintiff, and so, therefore,

they never set up as a defense contributory negligence on the part of the plaintiff. This situation is clearly distinguishable from the instant case.

*Omer v. Risch* (1955), 269 Wis. 61, 68 N. W. (2d) 541, is a case similar to *Rhodes, supra,* and in *Omer* the motion to amend was also properly denied.

The defendant induced the town of Ripon into approving his plat of Skyline Circle by agreeing to construct a good road, graded and graveled, so that the town would not need to make any changes.

The truth of the matter as established by the great weight of the evidence is that there was no complete road and that any money expended by defendant on the road was for the first 300 feet in order to provide ingress and egress for Mr. Butzin and Mr. Eckstein, the purchasers of the first two lots, lots No. 11 and 17, respectively. The bills placed in evidence show that defendant Diedrich spent $1,671. However, they clearly reveal that $719.19 of that amount was used for pipes, grates and for purposes other than road construction.

The trial court stated in its finding of fact, No. 7, as follows:

"7. That the defendant failed to keep his December 11, 1958 agreement with the Town Board in that the road was not passable, necessitating repair by the Town; that the roadway was not sixty feet wide as orally agreed upon by the defendant, but was one lane and not passable to cars and trucks; that the road was not open for through traffic and the Town could not plow the road to remove snow."

This finding is clearly supported by the credible evidence.

We conclude that under the evidence the trial court should have found the existence of a contract implied in law, wherein the defendant impliedly agreed that if he failed to perform his agreement to construct a good road

that the town of Ripon could put in the road and bill the defendant for the materials and services.

We affirm the trial court on the theory of implied contract rather than on the theory of unjust enrichment.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.

HALLOWS, J. (*dissenting*). If the amendment of the complaint is allowed the defendant should be given an opportunity to put in his defense to the amended complaint. The pretrial conference, which has for one of its purposes the clarification of issues, should have resulted in an amendment of the complaint and avoided what happened in this case. However, the plaintiff went to trial on allegations of *quantum meruit,* which it did not prove, and what it attempted to prove over the objections of the defendant was a radically different cause of action. At the time of submission of the case for determination a motion was made to amend, which was opposed by the defendant. The matter was taken under advisement. To allow this amendment a year after the case is submitted for determination to the court is prejudice to the defendant.

The theory of the cause of action and the admissibility of evidence were subjects of disagreement during the trial. Loose pleading and practice should not be encouraged by the tardy application of secs. 269.44 and 263.28, Stats. Both of these sections are to aid justice and their application without giving the defendant a chance to defend the amended pleading is unjust. I do not think a defendant must anticipate adverse rulings by the trial court or put in a defense to a nonpleaded cause of action in order to protect himself.

Furthermore, the proof does not sustain a cause of action either for unjust enrichment or on an implied

promise to pay for the road, the respective grounds on which the trial court and the majority opinion justify the amendment. Unjust enrichment is an inapplicable doctrine because it assumes the defendant received an unjust benefit which in fact is not true. If unjust enrichment is applicable here, then nearly every breach of promise may be turned into an unjust enrichment case. We think the court is in error in implying the defendant consented to the town's construction of the road. The town never notified the defendant to construct the road and the defendant had no power to stop the town. Knowledge of the defendant that if he failed to construct the road that the town would is not a basis for a consent.

At most, the proof showed damages for a breach of an alleged promise to construct the road. The case should be sent back for further proceedings.