GILBERT, Appellant, v. REID and another, Respondents.*

*April 7—May 3, 1960.*

* Motion for rehearing denied, with $25 costs, on June 28, 1960.

400

For the appellant there were briefs and oral argument by *Frank X. Kinast* of Beloit.

For the respondents there was a brief and oral argument by *Crosby H. Summers* of Janesville.

BROWN, J. The plaintiff submits that there is credible, competent evidence to sustain the jury in each of its answers in the verdict. If there is any such evidence to support any of the answers given by the jury it would be error to change that answer. *Van Galder v. Snyder* (1948), 254 Wis. 120, 35 N. W. (2d) 187.

In the matter of the failure to exercise ordinary care in lookout by Reid there is such sustaining evidence. Although

Reid testified that he was not blinded by the wrecker's head-lights after he had come onto the west shoulder, 150 feet before reaching the wrecker, Reid did not see the flashing red light on the wrecker. Except Mrs. Reid, the other witnesses who arrived at the scene saw the red light in operation. The jury was entitled to believe these witnesses and to find that Reid did not see what was there to be seen and therefore was negligent in lookout.

There is also evidence to sustain the jury finding that Reid failed to exercise ordinary care in the speed at which he was driving under the circumstances. We need not depend on the weight to be given to Mrs. Backman's estimate that Reid went past her at 40 miles per hour. If we disregard that testimony, as respondents urge us to do, it is undisputed that Reid scraped by the wrecking car, struck a 170-pound man and with no propulsive power except momentum dragged his inert body for 500 feet. Even accepting Reid's own testimony that his speed in passing had been reduced to 10 to 15 miles per hour the jury could conclude that that speed in passing so close to the other cars was, under the circumstances, a negligent speed.

However, the trial court's memorandum decision correctly states that Reid's failure to exercise ordinary care in speed and lookout could not be causes of running into Gilbert unless there is evidence that Gilbert came into Reid's path sufficiently long before the contact for an exercise of ordinary care by Reid in those respects to have made any difference in avoiding the collision. Both Mr. and Mrs. Reid testified that they never saw Gilbert until they found his body under their automobile. Mrs. Backman was the last person to see Gilbert alive. He was then crouching between his automobile and that of Bohlman. He was in a place of safety there and one in which Reid could not see him. There is *no* evidence to tell when it was that Gilbert moved from there

into Reid's path or when Gilbert assumed, if ever, such a posture that a driver could see him over the hood of an approaching car.

The damage to Reid's car was all in the vicinity of the left headlight. A step in distance and an instant of time could take Gilbert from a safe place to the point of collision. To say that he was in Reid's path so long a time that Reid by exercising ordinary care could see and avoid striking him is pure speculation.

Moreover, except by speculation, there can be no comparison of the causal negligence of the parties unless there is evidence of the time and space which separated Gilbert and the car of Reid when Gilbert's visible presence first gave warning to a driver exercising ordinary care that Gilbert was already in or was coming into the driver's path. That evidence is lacking.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J. (*dissenting*). Defendant Reid testified that visibility was reduced because of blowing snow. The jury was entitled to consider this fact, together with the testimony as to the quantity of alcohol in his blood, in determining whether he was negligent as to speed as he approached the scene of the accident. Had he observed the flashing red light on the wrecker vehicle, he would have realized what it was. The jury could reasonably consider that the presence of the stationary wrecker was some notice that extraordinary conditions prevailed, including the possibility that people on foot might be working or moving about it; that ordinary care required an approaching driver to stop, or slow down sufficiently to appraise the situation, before attempting to go around the wrecker, and that Reid's rate of speed and inadequate lookout prevented him from doing so. Had he done so, he would not have struck Gilbert. In my opinion, the evidence supports the jury's answers, and they should not have been changed.

I am authorized to state that Mr. Justice CURRIE and Mr. Justice DIETERICH join in this dissent.